# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ATLANTIC RECOVERY SOLUTIONS, LLC, a New York limited<br>liability company;<br>      Additional Parties Attachment for is attached. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>E-FILED<br>6/6/2022 5:32 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>22CV398921<br>Reviewed by: R. Walker<br>Envelope: 9152065 |

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HARRIET GATCHALIAN, on behalf of herself and
all others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso):* **22CV398921** |

Superior Court of Santa Clara County
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)    38 West Santa Clara Street
Consumer Law Center, Inc.       San Jose, California 95113-1806
                       (408) 294-6100

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 6/6/2022 5:32 PM | Clerk of Court | Clerk, by _____ R. Walker _____, Deputy<br>*(Secretario)*                     *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **DNF ASSOCIATES, LLC, a Delaware limited liability company**
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]    CEB | Essential Forms   ceb.com   **SUMMONS**   Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: GATCHALIAN v. ATLANTIC RECOVERY SOLUTIONS | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box.  Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

ZACHARIAH YAHIA AGA, individually and in his official capacity;
DNF ASSOCIATES, LLC, a Delaware limited liability company;
and DOES 1 through 10, inclusive.

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

CEB® | Essential
ceb.com | Forms®

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

E-FILED
6/6/2022 5:32 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV398921
Reviewed By: R. Walker

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  Matthew C. Salmonsen (SBN 302854)
   CONSUMER LAW CENTER, INC.
3  38 West Santa Clara Street
   San Jose, California 95113-1806
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6
   Attorneys for Plaintiff
7  HARRIET GATCHALIAN

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10                                              22CV398921

11  HARRIET GATCHALIAN, on behalf of        Case No.
    herself and all others similarly situated,   (Unlimited Civil Case)

12                              Plaintiff,   CLASS ACTION COMPLAINT FOR
13  v.                                       STATUTORY DAMAGES

14  ATLANTIC RECOVERY SOLUTIONS,             California Civil Code §§ 1788-1788.33
    LLC, a New York limited liability company;   15 U.S.C. §§ 1692-1692p
15  ZACHARIAH YAHIA AGA, individually and
    in his official capacity; DNF ASSOCIATES,
16  LLC, a Delaware limited liability company;
    and DOES 1 through 10, inclusive,
17
18                              Defendants.

19          Plaintiff, HARRIET GATCHALIAN, on behalf of herself and all others similarly

20  situated, based on information and belief and investigation of counsel, except for those allegations

21  which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby

22  makes the following allegations:

23                              **INTRODUCTION**

24          1.   This consumer class action is brought pursuant to the California Rosenthal Fair

25
26  Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA") which prohibits

27  creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.

28          2.   The California Legislature has found that:

                              - 1 -
              CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

3.    This consumer class action is also brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

4.    According to 15 U.S.C. § 1692:

    a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

---

[1] California Civil Code § 1788.1(a)(1).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

5.    Plaintiff, HARRIET GATCHALIAN, on behalf of herself and all persons similarly situated, seeks statutory damages against Defendants arising from their routine practice of sending voicemail and cellular telephone text messages, like those sent to Plaintiff, which fail to meaningfully disclose: 1) Defendants' identity, 2) the nature of Defendants' business, and 3) that each message was a communication from a debt collector in an attempt to collect a debt; and which attempt to instill a false sense of urgency in the consumer by falsely representing or implying that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed. Defendants' voicemail and text messages as described above violate California Civil Code §§ 1788.11(b), 1788.11(c), 1788.13(j), 1788.17, and 15 U.S.C. §§ 1692c(a)(1), 1692d(6), 1692e(2)(A), 1692e, 1692e(5), 1692e(10), and 1692e(11). As a result, Defendants have engaged in deceptive, unlawful acts in connection with their attempt to collect defaulted consumer debts from Plaintiff and the Classes.

## JURISDICTION AND VENUE

6.    The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction. The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

7.    This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails

- 3 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara. Venue is also proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of credit intended primarily for personal, family, or household use and Plaintiff (the alleged borrower) resided in the County of Santa Clara at the commencement of this action.

9.     The total amount in controversy as to Plaintiff and each member of the proposed Classes does not exceed seventy-four thousand, nine hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Classes limit their total class wide claims to less than four million, nine hundred and ninety-nine thousand, nine hundred and ninety-nine dollars ($4,999,999.00).

10.     Plaintiff and the proposed Classes seek only statutory damages in this action and do not allege in this Class Action Complaint for Statutory Damages that they, or any of them, have suffered a concrete injury within the meaning of Article III of the United States Constitution and the Supreme Court's related interpretation.[2]

**PARTIES**

11.     Plaintiff, HARRIET GATCHALIAN ("Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "debtor" as that term is defined by California Civil Code §

---

[2] See *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

- 4 -

1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.     Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("ARS"), is a New York limited liability company engaged in the business of collecting defaulted consumer debts in this state, with its principal place of business located at: 33 Dodge Road, Suite 108, Getzville, New York 14068. ARS may be served as follows: Atlantic Recovery Solutions, LLC, c/o Registered Agents, Inc., 1401 21st Street, Suite R, Sacramento, California 95811. The principal purpose of ARS's business is the collection of defaulted consumer debts using the mails, telephone, and internet, and ARS regularly attempts to collect defaulted consumer debts alleged to be due another. ARS is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

13.     Defendant, ZACHARIAH YAHIA AGA ("AGA"), is a natural person and is and was an officer, director, employee, and/or agent of ARS at all relevant times. AGA may be served at his business address as follows: Zachariah Yahia Aga, Atlantic Recovery Solutions, LLC, 33 Dodge Road, Suite 108, Getzville, New York 14068. The principal purpose of AGA's business is the collection of defaulted consumer debts due or alleged to be due another. AGA is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. AGA is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that, AGA is liable for the acts of ARS because he sets and approves ARS collection policies, practices, procedures, and he directly participated in or directed the unlawful activities described herein.

14.     Defendant, DNF ASSOCIATES, LLC ("DNF"), is a Delaware limited liability company engaged in the business of purchasing and collecting charged-off consumer debts in this state with its principal place of business located at: 2351 North Forest Road, Suite 110, Getzville, New York 14068. DNF may be served as follows: DNF Associates LLC, c/o Cogency Global, Inc., Agent for

Service of Process, 1325 J Street, Suite 1550, Sacramento, California 95814. The principal purpose of DNF's business is the purchase and collection of charged-off consumer debts using the mails, telephone, and internet, and DNF regularly attempts to collect charged-off consumer debts alleged to be originally due another. DNF does not originate loans or extend credit to consumers; instead, DNF purchases charged-off consumer debts for pennies on the dollar. After purchasing charged-off consumer debts, DNF then contracts with a myriad of debt collectors across the country. DNF participates in the collection process by setting parameters of the terms and amounts of the payments made by debtors. Plaintiff is informed and believes, and thereon alleges, that DNF actively participates in and directs the collection of its accounts. DNF derives all or the vast majority of its income from the collection of charged-off consumer debts, and DNF has no other significant business activities other than those described in this Complaint. DNF is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. At all times herein mentioned, each of the Defendants was the agent, servant, employee, alter ego, and/or joint venturer of their Co-Defendants, and each of them, and at all said

times, each Defendant was acting in the full course and scope of said agency, service, employment, and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

17.    Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships, and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Santa Clara, State of California.

## FACTUAL ALLEGATIONS

18.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation in the form of a consumer credit account owed to SALLIE MAE BANK and bearing the account number ending in 9209 (the "alleged debt"). The alleged debt to SALLIE MAE BANK was incurred primarily for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.    Thereafter, on or about December 30, 2020, the alleged debt was sold, assigned, or otherwise transferred to DNF for collection purposes. The alleged debt was in default at the time it was sold to DNF.

20.    Plaintiff is informed and believes, and thereon alleges that, on a date unknown to Plaintiff, DNF hired, contracted, or otherwise engaged ARS to collect the alleged debt from Plaintiff and the Classes on DNF's behalf.

21.    Thereafter, ARS was, and acted as, DNF's authorized agent with the actual or

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

ostensible authority to act on DNF's behalf.

22.     Thereafter, Defendants transmitted several voicemail and text messages to Plaintiff's cellular telephone which were each a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2).

23.     On or about June 10, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

> This is ARS. This message is solely intended for Harriet Gatchalian. We need to speak to you or your legal representation immediately. Please call the office back at 1-855-221-4405 to speak to the next available representative. Thank you.

24.     On or about June 24, 2021, Defendants recorded the following message on Plaintiff's cellular telephone voicemail:

> Harriet, uh, Sean Maxwell. Um, I hate to be the bearer of bad news, my... I work in the finalizations, uh, department for Atlantic Recovery. Clients requested that I send out some documents to your jurisdiction to verify, uh, your employment, assets, property, uh, which will include wages tendered with the company. Um, they're also stating here that it looks like you might own a- a business. Um, I... Before any of that commences, I wanted to give you or your attorney an opportunity to contact me in regards to the details so you know what's going on. Uh, I can be reached at 716-309-2650. Thank you.

25.     On or about June 29, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

> This message is intended for … Harriet Gatchalian … I am calling with the offices of ARS regarding a legal required notice that needs your immediate attention. Please call (716) 351-3820 or press one to speak to a live representative.

26.     On or about July 1, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

> This message is intended for … Harriet Gatchalian … I am calling with the offices of ARS. We have a personal business matter here that requires your attention. Please call (716) 256-1923 or press one to speak to a live representative.

27.     On or about July 12, 2021, Defendants sent the following text message to

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

Plaintiff's cellular telephone:

> Harriet Gatchalian this text is from ARS. We need to speak with you, or your legal repre-sentation immediately regarding documenta-tion forwarded to our office for LEGAL RE-VIEW. Please call 720-500-8158 to dis-cuss your case. Case# 2614260.

28.   On or about July 14, 2021, Defendants sent the following text message to Plaintiff's cellular telephone:

> HarrietGatchalian this text is from ARS.We need to speak with you or attorney regarding your filed case.Please call 667-400-7591and refer to Case2614260.

29.   On or about July 15, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

> This message is intended for ... Harriet Gatchalian ... I am calling with the offices of ARS regarding a legal required notice that needs your immediate attention. Please call (716) 351-3820 or press one to speak to a live representative.

30.   On or about July 16, 2021, Defendants sent the following text message to Plaintiff's cellular telephone:

> HarrietGatchalian this text is from ARS.We need to speak with you or attorney regarding your filed case.Please call 667-400-7585 and refer to Case2614260.

31.   On or about July 21, 2021, Defendants sent the following text message to Plaintiff's cellular telephone:

> HarrietGatchalian this text is from ARS.We need to speak with you or attorney regarding your case.Please call 667-400-7596 and re-fer to Case2614260.

32.   On or about July 27, 2021, Defendants recorded the following message on Plaintiff's cellular telephone voicemail:

> This confidential message is for Harriet Gatchalian. If this is not Harriet Gatchalian, please hang up or disconnect now. Ms. Gatchalian, my name is Mrs. Libby. I'm giving you another call from the offices of Atlantic Recovery Solutions, and I'm reaching out. It looks like my client DNF and Associates had placed the Sally Mae, uh, personal loan in our office at the beginning of June. Um, I do need a call back from you today. My direct line is 716-293-1461. I will be in the office today until 7:00 PM Eastern. When calling back, please refer to reference number 2614260. Uh, Ms. Gatchalian,

- 9 -

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

unfortunately, due to multiple failed attempts to reach you in regards to this matter, if I do not hear back from you by 7:00 PM Eastern this evening I will have no choice but to assume that this is not something you're looking at getting voluntarily resolved, and I will need to make a negative recommendation on your behalf. I look forward to working with you, Ms. Gatchalian. Have a great day.

33.   On or about July 30, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

This message is intended for … Harriet Gatchalian. I am calling with the offices of ARS regarding a legal required notice that needs your immediate attention. Please call 716-351-3820, or press 1 to speak to a live representative.

34.   On or about August 17, 2021, Defendants sent the following text message to Plaintiff's cellular telephone:

Harriet Gatchalian this text is from ARS. We need to speak with you or your attorney regarding your case. Please call 443-453-0999 and refer to Case2614260.

35.   On or about August 18, 2021, Defendants sent the following text message to Plaintiff's cellular telephone:

Harriet Gatchalian this text is from ARS. We need to speak with you or your attorney regarding your case. Please call 470-298-7775 and re-fer to Case2614260.

36.   On or about August 18, 2021, Defendants recorded the following pre-recorded message on Plaintiff's cellular telephone voicemail:

This message is intended for … Harriet Gatchalian. I am calling with the offices of ARS regarding a legal required notice that needs your immediate attention. Please call 716-351-3820 or press one to speak to a live representative.

37.   On or about October 6, 2021, Defendants recorded the following message on Plaintiff's cellular telephone voicemail:

Yes, uh, good afternoon, uh, Harriet, uh, Gatchalian. Uh, my name is Michael Stone. I work with the process division here with ARS. Uh, ma'am, we have, uh, been retained, uh, to submit a matter over with Santa Clara on Friday, October 8th, uh, looking into employment verification with your employer. I'll obviously verify wages, income, and [inaudible] asset verification. I need to speak with you, uh, in regard to, uh, the case, get a statement. Uh, please contact me directly at 716-281-3864.

- 10 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

38.   Defendants failed to meaningfully disclose Defendants' identity and the nature of Defendants' business in each of the cellular telephone voicemail and text messages, in violation of 15 U.S.C. § 1692d(6) and California Civil Code § 1788.11(b).[3]

39.   Defendants failed to disclose that each of the cellular telephone voicemail and text messages was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11) and California Civil Code § 1788.17.[4]

### DEFENDANTS' ROUTINE PRACTICES

40.   It is the standard practice and policy of Defendants to not provide meaningful disclosure of Defendants' identity and the nature of Defendants' business in voicemail and cellular telephone text messages sent to consumers in an attempt to collect defaulted debts.

41.   It is the standard practice and policy of Defendants to not disclose to consumers that Defendants are debt collectors attempting to collect a defaulted debt in voicemail and cellular telephone text messages sent to consumers in an attempt to collect defaulted debts.

42.   It is the standard practice and policy of Defendants to instill a false sense of urgency in Defendants' voicemail messages sent to consumers in an attempt to collect defaulted debts.

43.   It is the standard practice and policy of Defendants to falsely represent or imply that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed.

44.   It is the standard practice and policy of Defendants to send cellular telephone text messages to consumers, in an attempt to collect defaulted debts before 8 o'clock antemeridian local time at the consumer's location.

///

---

[3]  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).
[4]  See *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

- 11 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

1

**CLASS ALLEGATIONS**

2      45.    Plaintiff brings this action on behalf of two Classes of persons similarly situated.

3

**The Voicemail Class**

4      46.    Plaintiff tentatively defines the Voicemail Class as (i) all persons with addresses in

5

6    California (ii) to whom ARS sent voicemail messages in an attempt to collected a defaulted consumer

7    debt on behalf of DNF, (iii) which was originally owed to SALLIE MAE BANK, (iv) during the period

8    beginning June 6, 2021, through the date of class certification.

9

**The Text Message Class**

10
       47.    Plaintiff tentatively defines the Text Message Class as (i) all persons with
11
     addresses in California (ii) to whom ARS sent cellular telephone text messages in an attempt to
12
     collected a defaulted consumer debt on behalf of DNF, (iii) which was originally owed to SALLIE
13

14   MAE BANK, (iv) during the period beginning June 6, 2021, through the date of class certification.

15
       48.    Excluded from the Classes would be any officers, directors, or legal
16
     representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and
17
     the members of their immediate families and judicial staff. Plaintiff reserves the right to modify the
18
19   Class definition(s) and class period based on the results of discovery.

20     49.    The Classes are so numerous that joinder of all members is impractical. On

21   information and belief, Defendants have sent voicemail and cellular telephone text messages to

22   hundreds of California Class members.
23
       50.    Defendants have acted with respect to the Classes in a manner generally
24
25   applicable to Plaintiff and each Class member. There is a well-defined community of interest in the

26   questions of law and fact involved in this action, which affects all Class members. Questions of law and

27   fact common to the Classes predominate over any questions peculiar to individual Class members. The

28

common questions include:

a. Whether Defendants are debt debt collectors;

b. Whether Defendants sent voicemail and/or cellular telephone text messages in an attempt to collected defaulted consumer debts, which failed to meaningfully disclose Defendants' identity and the nature of Defendants' business;

c. Whether Defendants sent voicemail and cellular telephone text messages in an attempt to collected defaulted consumer debts, which failed to disclose that the message was a communication from a debt collector in an attempt to collect a debt;

d. Whether Defendants sent voicemail and cellular telephone text messages in an attempt to collected defaulted consumer debts, which attempt to instill a false sense of urgency in the consumer;

e. Whether Defendants sent voicemail and cellular telephone text messages in an attempt to collected defaulted consumer debts, which falsely represent or imply that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed; and

f. Whether Defendants sent cellular telephone text messages to consumers, in an attempt to collect defaulted debts before 8 o'clock antemeridian local time at the consumer's location.

51. There are no individual questions of law or fact, other than whether Defendants attempt to collect defaulted consumer debts against the Class member, which can be determined by ministerial inspection of Defendants' records.

52. Plaintiff will fairly and adequately represent and protect the interest of the Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel

- 13 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA."), and the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"). Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

53.     Plaintiff's claims are typical of the claims of the other members of the Classes in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are based on the same legal theories. Plaintiff is a member of the Classes she seeks to represent and Plaintiff has suffered harm due to the unfair, deceptive, and unlawful practices of Defendants.

54.     Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Classes, thereby making it appropriate to provide relief with respect to the Classes as a whole.

55.     A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the Class members who received voicemail and cellular telephone text messages from ARS have no knowledge that their rights are being violated by illegal collection practices. The interest of the Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000, pursuant to California Civil Code § 1788.17 and 15 U.S.C. § 1692k(a)(2)(A). Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

56.     A class action is the best available method for the efficient adjudication of this

litigation because individual litigation of Class members' claims would be impracticable and unduly burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action. A class action presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

57.    Certification of the Classes under California Code of Civil Procedure § 382 is appropriate in that:

a.    The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58.    Certification of the Classes under California Code of Civil Procedure § 382 is also appropriate in that Defendants acted on grounds generally applicable to the Classes, thereby making appropriate declaratory relief with respect to the Classes as a whole.

59.    Plaintiff and the Classes are entitled to an award of attorney fees and costs against Defendants, pursuant to California Civil Code § 1788.17 and 15 U.S.C. § 1692k(a)(3).

**FIRST CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

60.    Plaintiff and the Classes bring the first cause of action against Defendants for violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

61.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

62.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, California Civil Code § 1788.2(h).

63.     Defendant, ARS, is a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

64.     Defendant, AGA, is a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

65.     Defendant, DNF, is a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

66.     Defendants DOE 1-10 are, and each of them is, a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

67.     The financial obligation alleged to be originally owed by Plaintiff to SALLIE MAE BANK is a "consumer debt" as that term is defined by the RFDCPA, California Civil Code § 1788.2(f).

68.     Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a.     Defendants made and used false, deceptive, and misleading representations in an attempt to collect defaulted consumer debts, in violation of California Civil Code § 1788.17;[5]

    b.     Defendants misrepresented the character or legal status of the alleged debt, in violation of California Civil Code § 1788.17;[6]

    c.     Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer

---

[5] Incorporating by reference 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).
[6] Incorporating by reference 15 U.S.C. § 1692(2)(A).

debts, which failed to meaningfully disclose Defendants' identity and the nature of Defendants' business, in violation of California Civil Code §§ 1788.11(b), 1788.11(c), and 1788.17;[7]

        d.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which failed to disclose that the message was a communication from a debt collector in an attempt to collect a debt, in violation of California Civil Code §§ 1788.11(b), 1788.11(c), and 1788.17;[8]

        e.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which attempt to instill a false sense of urgency in the consumer, in violation of California Civil Code §§ 1788.11(c) and 1788.17;[9]

        f.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which falsely represented or implied that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed, in violation of California Civil Code §§ 1788.13(j) and 1788.17;[10] and

        g.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts before 8 o'clock antemeridian local time at the consumer's location, in violation of California Civil Code § 1788.17.[11]

        69.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

---

[7] Incorporating by reference 15 U.S.C. §§ 1692e(11) and 1692d(6).
[8] Incorporating by reference 15 U.S.C. § 1692e(11).
[9] Incorporating by reference 15 U.S.C. §§ 1692e and 1692e(10).
[10] Incorporating by reference 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10).
[11] Incorporating by reference 15 U.S.C. § 1692c(a)(1).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

award of statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1788.17.[12]

70.    As a result of Defendants' violations of the RFDCPA, the Classes are each entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17.[13]

71.    As a result of Defendants' violations of the RFDCPA, Plaintiff and the Classes are entitled to an award of reasonable attorney's fees and costs pursuant to California Civil Code § 1788.17.[14]

72.    Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff and Classes may have under any other provision of law.

## SECOND CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

73.    Plaintiff and the Classes bring the second cause of action against Defendants for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

74.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

76.    Defendant, ARS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[12]  Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).
[13]  Incorporating by reference 15 U.S.C. § 1692k(a)(2)(B)(ii).
[14]  Incorporating by reference 15 U.S.C. § 1692k(a)(3).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

77.    Defendant, AGA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

78.    Defendant, DNF, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

79.    Defendants DOE 1-10 are, and each of them is, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

80.    The financial obligation alleged to be originally owed by Plaintiff to SALLIE MAE BANK is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

81.    Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive, and misleading representations in an attempt to collect defaulted consumer debts, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10);

b.    Defendants misrepresented the character or legal status of the alleged debt, in violation of 15 U.S.C. § 1692(2)(A);

c.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which failed to meaningfully disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. §§ 1692e(11) and 1692d(6);

d.    Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which failed to disclose that the message was a communication from a debt collector in an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11);

e.   Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which attempt to instill a false sense of urgency in the consumer, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

f.   Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts, which falsely represented or implied that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10); and

g.   Defendants placed, sent, or otherwise transmitted voicemail and cellular telephone text messages to Plaintiff and the Classes in an attempt to collect defaulted consumer debts before 8 o'clock antemeridian local time at the consumer's location, in violation of 15 U.S.C. § 1692c(a)(1).

82.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff/the Classes to pay the alleged debt(s).

83.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).

84.   As a result of Defendants' violations of the FDCPA, the Classes are each entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

85.   As a result of Defendants' violations of the FDCPA, Plaintiff and the Classes are

1    entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(3).

2

**REQUEST FOR RELIEF**

3      Plaintiff requests that this Court:

4

5         a)   Assume jurisdiction in this proceeding;

6         b)   Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to

7              represent the Classes;

8         c)   Find and declare that Defendants violated the California Rosenthal Fair Debt

9              Collection Practices Act, California Civil Code §§ 1788.11(b), 1788.11(c),

10              1788.13(j), 1788.17;

11

12         d)   Find and declare that Defendants violated the federal Fair Debt Collection

13              Practices Act, 15 U.S.C. §§ 1692c(a)(1), 1692d(6), 1692e, 1692e(2)(A),

14              1692e(5), 1692e(10), and 1692e(11);

15         e)   Award Plaintiff statutory damages in an amount not to exceed $1,000 against

16              each Defendant, pursuant to California Civil Code § 1788.17;

17

18         f)   Award each Class statutory damages in an amount not to exceed the lesser of five

19              hundred thousand dollars ($500,000) or 1 percent of the net worth of each

20              Defendant, pursuant to California Civil Code § 1788.17;[15]

21         g)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant

22              to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

23

24         h)   Award each Class statutory damages in an amount not to exceed the lesser of five

25              hundred thousand dollars ($500,000) or 1 percent of the net worth of each

26              Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

27         i)   Award Plaintiff and the Classes the costs of this action and reasonable attorney's

28

---

[15] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

- 21 -

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

1   fees, pursuant to California Civil Code §§ 1788.17 and 15 U.S.C. § 1692k(a)(3);

2       j)   Award Plaintiff and the Classes such other and further relief as may be just and

3   proper.

CONSUMER LAW CENTER, INC.

Dated: June 6, 2022

By: _____
☑ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
38 West Santa Clara Street
San Jose, California 95113-1806
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
HARRIET GATCHALIAN

- 22 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Fred W. Schwinn (SBN 225575)<br>Consumer Law Center, Inc.<br>38 West Santa Clara Street<br>San Jose, California 95113-1806<br>TELEPHONE NO.: (408) 294-6100   FAX NO. (Optional): (408) 294-6190<br>E-MAIL ADDRESS: fred.schwinn@sjconsumerlaw.com<br>ATTORNEY FOR (Name): HARRIET GATCHALIAN | FOR COURT USE ONLY<br><br>**Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 6/6/2022 5:32 PM**<br>**Reviewed By: R. Walker**<br>**Case #22CV398921**<br>**Envelope: 9152065** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown San Jose

CASE NAME:   GATCHALIAN v. ATLANTIC RECOVERY SOLUTIONS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV398921 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2022

Fred W. Schwinn (SBN 225575)
_____      ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | CEB Essential<br>ceb.com Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: **22CV398921**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT*  (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone - see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: Hon. Sunil R. Kulkarni | Department: 1 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) Date: 10/20/22   Time: 2:30 pm   in Department: 1 | |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) Date:   Time:   in Department: | |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CEB | Essential
ceb.com | Forms

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/9/2022 2:35 PM
Reviewed By: R. Walker
Case #22CV398921
Envelope: 9182096

TO:   FILE COPY

RE:      **Gatchalian v. Atlantic Recovery Solutions, LLC, et al. (22CV398921**
CASE NUMBER:   **22CV398921**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Proposed Consumer Class Action Complaint was filed by Plaintiff **Harriet Gatchalian** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **June 6, 2022** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department  **1** (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni**  presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Harriet Gatchalian**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **October 20, 2022 at 2:30 p.m. in Department 1** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1.  Issues related to recusal or disqualification;
2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3.  Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4.  A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5.  A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**   Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _____ June 8, 2022

_____
Hon. **Sunil R. Kulkarni**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/11/21.

2