UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET GATCHALIAN,<br><br>    Plaintiff,<br><br>  v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-04108-JSC<br><br>**ORDER RE: DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. Nos. 21, 22 |

In this federal and state law fair debt collection practices lawsuit, Plaintiff moved to strike Defendants' affirmative defenses as insufficiently pled as a matter of law. (Dkt. No. 21.) Defendants responded by moving to amend their answer to withdraw and reassert certain affirmative defenses. (Dkt. No. 22.) After carefully considering the parties' motions, the Court concludes that oral argument is unnecessary and vacates the November 10, 2022 hearing. *See* N.D. Cal. Civ. L.R. 7-1(b).

Defendants' motion for leave to amend their answers is DENIED. Defendants seek to assert three affirmative defenses: (1) failure to mitigate damages, (2) Plaintiff's damages being the fault of Plaintiff or a third-party not under Defendants' control, and (3) the debt collection calls were made with Plaintiff's consent.

The parties agree that if Plaintiff seeks only statutory damages then failure to mitigate is not a valid affirmative defense. The complaint itself seeks only statutory damages on behalf of Plaintiff and the class. (Dkt. No. 1-1 at 24.) This limitation on damages is reiterated by Plaintiff's opposition to Defendants' motion to amend. (Dkt. No. 24 at 3 ("Plaintiff's Class Action Complaint for Statutory Damages seeks only statutory damages").) As the failure to mitigate affirmative defense would be futile as a matter of law, leave to assert this defense is DENIED.

1  Defendants have not explained how their amorphous "Plaintiff's fault" or the "third-party
2  fault" "defenses" are affirmative defenses on which Defendants bear the burden of proof at trial.
3  Defendants' reply alludes to Plaintiff's role, if any, in causing the harm being a valid area of
4  discovery. But that explanation does not identify Plaintiff's role as an affirmative defense to the
5  state and federal statutory unfair debt collection claims asserted in this action. That Plaintiff's role
6  might be relevant to her appropriateness as a class representative does not make it an affirmative
7  defense. Defendants have similarly not explained why Defendants, rather than Plaintiff, bear the
8  burden of proving each Defendant's conduct and thus liability. Indeed, Defendants do not cite a
9  single case to support this affirmative defense. Accordingly, leave to amend to allege the "fault"
10 defense is DENIED.

11 Finally, as for the "consent" affirmative defense, Defendants contend that Plaintiff *might*
12 amend the complaint to allege a Telephone Consumer Protection Act ("TCPA") claim and
13 Plaintiff's consent is a valid affirmative defense to a TCPA claim. But if Plaintiff is granted leave
14 to amend, Defendants will have to respond to the amended complaint and can assert an applicable
15 TCPA affirmative defense at that time. Leave to amend to add a consent affirmative defense is
16 thus DENIED.

## CONCLUSION

Plaintiff's motion to strike Defendants' affirmative defenses is GRANTED for the reasons stated by Plaintiff.[1] Defendants' motion for leave to amend is DENIED for the reasons explained above. The Court will hold an initial case management conference on November 10, 2022 at 1:30 p.m. via Zoom video. A joint case management conference statement is due November 3, 2022.

This Order disposes of Docket Nos. 21, 22.

**IT IS SO ORDERED.**

//
//
//

---

[1] Plaintiff is reminded that the notice of motion and supporting memorandum should be in one document. *See* N.D. Cal. Civ. L.R. 7-2(b).

Dated: October 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge