1  Fred W. Schwinn (SBN 225575)
2  Raeon R. Roulston (SBN 255622)
   Matthew C. Salmonsen (SBN 302854)
3  CONSUMER LAW CENTER, INC.
   38 West Santa Clara Street
4  San Jose, California  95113-1806
   Telephone Number: (408) 294-6100
5  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
6
7  Attorneys for Plaintiff
   HARRIET GATCHALIAN

8          UNITED STATES DISTRICT COURT
9      FOR THE NORTHERN DISTRICT OF CALIFORNIA
            SAN FRANCISCO DIVISION
10

11 HARRIET GATCHALIAN, on behalf of        Case No. 3:22-cv-04108-JSC
   herself and all others similarly situated,
12                                          **DECLARATION OF FRED W. SCHWINN
                               Plaintiff,   IN SUPPORT OF MOTION FOR
13                                          PRELIMINARY APPROVAL OF CLASS
   v.                                       ACTION SETTLEMENT AND
14                                          PROVISIONAL CLASS CERTIFICATION**
   ATLANTIC RECOVERY SOLUTIONS,
15 LLC, a New York limited liability company; **[Fed. R. Civ. P. 23]**
   ZACHARIAH YAHIA AGA, individually
16 and in his official capacity; DNF
   ASSOCIATES, LLC, a Delaware limited      Hearing Date:      September 28, 2023
17 liability company; and DOES 1 through 10, Hearing Time:      10:00 a.m.
   inclusive,                               Hearing Judge:     Jacqueline Scott Corley
18                                          Hearing Courtroom: 8, 19th floor
                               Defendants.  Hearing Location:  450 Golden Gate Avenue
19                                                             San Francisco, California
20
           I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the state of California,
21
22 that the following statements are true:
23         1.   I am an attorney at law duly licensed to practice before all the courts of the State of
24 California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of record for
25 Plaintiff and proposed Class Representative, HARRIET GATCHALIAN ("Plaintiff").
26         2.   I have personal knowledge of the following facts, and if called as a witness, I could
27 and would competently testify thereto.
28

**ADEQUACY OF COUNSEL**

3.    I am a member in good standing of the bars of the following courts:

Supreme Court of the United States
Washington, DC
2003

Supreme Court of California
Sacramento, California
2003

Supreme Court of Kansas
Topeka, Kansas
1997 (Inactive)

U.S. Court of Appeals for the Tenth Circuit
Denver, Colorado
1999

U.S. Court of Appeals for the Ninth Circuit
San Francisco, California
2003

U.S. District Court for the District of Kansas
Topeka, Kansas
1997 (Inactive)

U.S. District Court for the Western District of Missouri
Jefferson City, Missouri
2001 (Inactive)

U.S. District Court for the Northern District of California
San Francisco, California
2003

U.S. District Court for the Eastern District of California
Sacramento, California
2003

U.S. District Court for the Central District of California
Los Angeles, California
2003

/ / /

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

U.S. District Court for the Southern District of California
San Diego, California
2009

## **EDUCATION AND EXPERIENCE**

4.     I am a 1994 graduate *magna cum laude* of Washburn University in Topeka, Kansas, and a 1997 graduate of Washburn University School of Law. In 1995, I passed the Uniform Certified Public Accountant's examination and was granted a Certified Public Accountant certificate from the Kansas Board of Accountancy. I am a member of the State Bar of California, Santa Clara County Bar Association, National Association of Consumer Advocates, National Association of Consumer Bankruptcy Attorneys, California Bankruptcy Forum, and a former member of the Topeka Area Bankruptcy Council, of which I am a past Treasurer.

5.     From September 26, 1997, until December 21, 2003, I maintained a private law practice with an office located in Topeka, Kansas. In December of 2003, I relocated my law practice to California. My practice is limited exclusively to the representation of consumers, with particular emphasis on representing consumer under the Fair Debt Collection Practices Act, Truth in Lending Act, Telephone Consumers Protection Act, Uniform Commercial Code, common law fraud, misrepresentation and deceit, usury, and other laws enacted to protect consumers. My firm, Consumer Law Center, Inc., undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to fee shifting statutes such as the federal Fair Debt Collection Practices Act ("FDCPA"), California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Rees-Levering Automobile Sales Finance Act and California Unruh Act.

6.     I have given a number of lectures to consumers and professional groups on consumer law issues, including the Volunteer Legal Service Program of The Bar Association of San

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

Francisco, Community Legal Services in East Palo Alto, Pro Bono Project and Fair Housing Law Project in San Jose, California.

7.    I was honored as "Attorney of the Year" in 2013 by Community Legal Services in East Palo Alto. I was also honored as "Outstanding Volunteer Attorney" in 2011 and 2012 by the Volunteer Legal Services Program of the San Francisco County Bar Association.

8.    I have been a member of the National Association of Consumer Advocates since 1999 and have attended at least fifteen (15) national conferences exclusively on consumer law issues.

9.    I have an "AV Preeminent" rating by Martindale-Hubbell's Peer Review Ratings system every year from 2012 through 2023. I also have a "Superb Rating" by Avvo[1] from 2011 through 2023, with a perfect 10.0 rating each year.

10.    I have been interviewed, and quoted, by the New York Times, San Jose Mercury News, California Lawyer magazine and The Pacific Northwest Inlander. I have assisted numerous consumers in both chapter 7 and chapter 13 bankruptcies, and been involved in many consumer cases involving a range of consumer protection laws. I have handled several cases that have resulted in reported decisions favorable to consumers including:

### CALIFORNIA SUPREME COURT

- *Meza v. Portfolio Recovery Assocs., LLC* (2019) 6 Cal.5th 844 (Civ. Proc. Code § 98(a) requires affiant's personal presence at location within 150 miles of place of trial for a reasonable period within the 20 days prior to trial if personal service of trial subpoena would ordinarily be necessary to secure that affiant's attendance at trial).

### APPELLATE COURTS

- *Young v. Midland Funding LLC* (2023) 91 Cal.App.5th 63 (debt collector could be liable under Civil Code § 1788.17, pursuant to 15 U.S.C. § 1692e prohibition against false representations, for unknowingly making a false representation that service under Code of Civil Procedure § 415.20(b) had been effected on a debtor, as federal authority provided for liability in such circumstances and Civil Code § 1788.17 controlled if in conflict with Civil Code § 1788.15(a)).
- *Fleming v. Oliphant Fin.* (2023) 88 Cal.App.5th 13 (debtor's use of a credit card was not an

[1]  See http://www.avvo.com/attorneys/95113-ca-frederick-schwinn-361966.html

- 4 -

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

implied agreement to arbitrate because the creditor submitted no evidence of account statements or other documents referencing an agreement).

- *Aguilar v. Mandarich Law Group, LLP* (2023) 87 Cal.App.5th 607 (Rosenthal claims derivative of the federal FDCPA's prohibition against misrepresentations in connection with debt collection incorporate a materiality standard as a corollary to the federal least sophisticated debtor standard).
- *Paredes v. Credit Consulting Servs., Inc.*, 82 Cal.App.5th 410, 297 Cal.Rptr.3d 862, 875-77 (Cal. Ct. App. 2022), review denied (Dec. 14, 2022), cert. denied, 143 S. Ct. 2466, 216 L. Ed. 2d 435 (2023) (filing of an action tolls both compulsory and permissive cross-complaints).
- *Chambers v. Crown Asset Management, LLC* (2021) 71 Cal.App.5th 583 (affirming the trial court's denial of debt buyer's motion to compel arbitration based on no predicate showing that the arbitration agreement was mailed to consumer).
- *Davis v. Mandarich Law Grp.* (9th Cir. 2020) 790 F.App'x 877 (reversing and remanding FDCPA judgment for Defendants).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2019) 762 F.App'x 431 (vacating and remanding district court's summary judgment order dismissing FDCPA class-action claims).
- *Timlick v. Nat'l Enter. Sys., Inc.* (2019) 35 Cal.App.5th 674 (debt collector cannot unilaterally "pick off" the named plaintiff and avoid class action litigation).
- *Professional Collection Consultants v. Lujan* (2018) 23 Cal.App.5th 685 (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2017) 860 F.3d 1218 (certifying question of state law to California Supreme Court).
- *Professional Collection Consultants v. Lauron*, 8 Cal. App. 5th 958, 966, 214 Cal. Rptr. 3d 419 (2017), reh'g denied (Mar. 13, 2017), review denied (Apr. 26, 2017) (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).
- *Tye v. Salomon (In re Salomon)* (9th Cir. 2016) 672 F.App'x 703 (affirming denial of motion to extend time for filing appeal).
- *Johnson v. CFS II, Inc.* (9th Cir. 2016) 628 F.App'x 505 (affirming judgment for consumer Plaintiff in FDCPA case).
- *Montgomery v. GCFS, Inc.* (2015) 237 Cal.App.4th 724 (construing Cal Fin. Code § 22340(a)).
- *Target National Bank v. Rocha* (2013) 216 Cal.App.4th Supp. 1 (holding that Code of Civil Procedure § 98 declarants must be physically present within 150 miles of the place of trial).
- *Riggs v. Prober & Raphael* (9th Cir. 2012) 681 F.3d 1097 (holding that an initial debt collection letter violates 15 U.S.C. § 1692g(a)(3) only if it explicitly requires disputes in writing).
- *Cruz v. Int'l Collection Corp.* (9th Cir. 2012) 673 F.3d 991 (collection agency owner qualified as a debt collector, and his personal acts were sufficient to render him liable for violations of the FDCPA).
- *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830 (Peremptory writ of mandate was issued. Venue proper in Santa Clara County pursuant to California Code of Civil Procedure § 395(b)).
- *Resurgence Financial, LLC v. Chambers* (2009) 173 Cal.App.4th Supp. 1 (Superior Court erred in failing to apply Delaware's three year statute of limitations required by contract choice-of-law clause).
- *Giovannoni v. Bidna & Keys* (9th Cir. 2007) 255 F.App'x 124 (District Court erred in failing to award non-taxable costs under FDCPA, 15 U.S.C. § 1692k(a)(3)).
- *Ramirez v. Household Fin. Corp. III (In re Ramirez)* (D.Kan. 2005) 329 B.R. 727 (affirming

DECLARATION OF FRED W. SCHWINN                                     Case No. 3:22-cv-04108-JSC

Bankruptcy Court's rescission of mortgage loan under the Truth in Lending Act).

- *Ed Bozarth Chevrolet, Inc. v. Black*, (Kan. 2003) 32 Kan.App.2d 874 (spot delivery agreements do not violate Kansas law).
- *Green v. Kan. City Power & Light Co. (In re Green)* (D.Kan. 2002) 281 B.R. 699 (remanding Bankruptcy Court decision granting summary judgment for determination of "aggrieved consumer" status under the Kansas Consumer Protection Act).

## U.S. DISTRICT COURTS
### (previous seven years only)

- *Griego v. Tehama Law Grp., P.C.*, 2020 U.S. Dist. LEXIS 152306 (N.D. Cal. Aug. 21, 2020) (granting motion to remand Rosenthal case).
- *Credit Consulting Servs. v. Scott*, 2019 U.S. Dist. LEXIS 29660 (N.D. Cal. Feb. 25, 2019) (granting motion to remand FDCPA class action cross-complaint).
- *Izett v. Crown Asset Mgmt., LLC*, 2018 U.S. Dist. LEXIS 211459 (N.D. Cal. Dec. 14, 2018) (granting motion to strike affirmative defenses in FDCPA case).
- *Timlick v. Nat'l Enter. Sys.*, 2017 U.S. Dist. LEXIS 130921 (N.D. Cal. Aug. 16, 2017) (granting motion to remand RFDCPA class action case).
- *Carlson v. Gatestone & Co. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 93348 (N.D. Cal. June 16, 2017) (granting motion to remand RFDCPA class action case).
- *Garcia v. Stanley,* 2017 U.S. Dist. LEXIS 32550 (N.D. Cal. Mar. 7, 2017) (granting motion for attorney fees and costs in FDCPA case).
- *Jacobson v. Persolve, LLC*, 2016 U.S. Dist. LEXIS 173058 (N.D. Cal. Dec. 14, 2016) (granting motion for attorney fees and costs in FDCPA case).
- *Garcia v. Creditors Specialty Serv.*, 2016 U.S. Dist. LEXIS 159686 (N.D. Cal. Nov. 16, 2016) (granting summary judgment in a FDCPA case).
- *Ciganek v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 74905 (N.D. Cal. June 7, 2016) (construing Cal. Code of Civil Procedure § 98).

## U.S. BANKRUPTCY COURTS

- *Tye v. Salomon (In re Salomon)*, 2013 Bankr. LEXIS 354 (Bankr. N.D. Cal. Jan. 29, 2013) (granting discharge in non-dischargeability case).
- *Cushing v. Household Fin. Corp. III (In re Cushing)*, 2005 Bankr. LEXIS 99 (Bankr. D. Kan. Jan. 21, 2005) (Truth in Lending Act rescission denied).
- *Merriman v. Beneficial Mortg. (In re Merriman)*, 329 B.R. 710 (D. Kan. 2005) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *Quenzer v. Advanta Mortg. Corp. USA (In re Quenzer)*, 2005 Bankr. LEXIS 2627 (Bankr. D. Kan. Dec. 22, 2005) (denying lender's request for post-rescission interest under Truth in Lending Act).
- *Sinclair v. Wash. Mut. Home Loans, Inc. (In re Sinclair)*, 2004 Bankr. LEXIS 1415 (Bankr. D. Kan. Aug. 16, 2004) (denying lender leave to assert affirmative defense in Truth in Lending Act case).
- *Finch v. Household Fin. Corp. III (In re Finch)*, 2003 Bankr. LEXIS 2049 (Bankr. D. Kan. Nov. 7, 2003) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

- *Bilal v. Household Finance Corporation III (In re Bilal)*, 296 B.R. 828 (D. Kan. 2003) (holding that the inclusion of language in a Chapter 13 Plan which rescinds a home mortgage loan under the Truth in Lending Act is binding on a mortgage creditor who fails to object before confirmation).
- *Nave v. Commun. Am. Credit Union (In re Nave)*, 303 B.R. 223 (Bankr. D. Kan. 2003) (credit life insurance premiums paid monthly are not included in "amount financed" under the Truth in Lending Act).
- *Quenzer v. Advanta Mortg. Corp. United States*, 288 B.R. 884 (D. Kan. 2003) (equitable principles apply in Truth in Lending Act rescission).
- *Ramirez v. Household Finance Corporation III (In re Ramirez)*, 2003 Bankr. LEXIS 1364 (D. Kan. 2003) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *In re Green*, 287 B.R. 827 (D. Kan. 2002) (holding that the inclusion of language in a Chapter 13 Plan which attempts to discharge student loans should be reviewed on a case-by-case basis).
- *In re Crosby*, 261 B.R. 470 (D. Kan. 2001) (holding that the issuance of a Form 1099-C by a creditor forgives the debt).
- *Quenzer v. Advanta Mortg. Corp. (In re Quenzer)*, 274 B.R. 899 (Bankr. D. Kan. 2001) (finding violations of the Truth in Lending Act and granting rescission of home mortgage loan).
- *Quenzer v. Advanta Mortg. Corp. (In re Quenzer)*, 266 B.R. 760 (Bankr. D. Kan. 2001) (voiding lien after Truth in Lending Act rescission).

11.   I have been approved and appointed as adequate class counsel in several consumer class action cases including:

| Case Name | Court | Case No. / Date | Judge |
| --- | --- | --- | --- |
| *Miller v. Weltman, Weinberg & Reis Co., LPA* | Alameda County | 22CV010534 (June 20, 2023) | Grillo |
| *Student Loan Solutions, LLC v. Musa* | Los Angeles County | 20NWLC00063 (June 15, 2023) | Palazuelos |
| *Velocity Investments, LLC v. Sipin* | Santa Clara County | 20CV370503 (May 23, 2023) | Zayner |
| *Kashanian v. National Enterprise Systems, Inc.* | Lake County | CV416920 (May 4, 2023) | Lunas |
| *Chambers v. Crown Asset Mgmt, LLC* | Santa Clara County | 18CV338800 December 27, 2022 | Lucas |
| *Velocity Investments, LLC v. Canul* | Santa Clara County | 16CV300096 (August 31, 2022) | Lucas |
| *Velocity Investments, LLC v. Pascual* | Santa Clara County | 18CV338986 (August 31, 2022) | Lucas |
| *Leedeman v. Midland Credit Management, Inc.* | Santa Clara County | 19CV354554 (August 22, 2022) | Kulkarni |

DECLARATION OF FRED W. SCHWINN                                    Case No. 3:22-cv-04108-JSC

| Chai v. Velocity Investments, LLC, et al. | Santa Clara County | 20CV373916 (February 24, 2022) | Lucas |
|---|---|---|---|
| Leedeman v. Sunrise Credit Services, Inc. | Santa Clara County | 19CV342137 (June 9, 2021) | Lucas |
| Timlick v. NCB Management Services, Inc. | Lake County | CIV-416919 (February 2, 2021) | Lunas |
| Chambers v. Merchants & Medical Credit Corporation, Inc. | Santa Clara County | 18-CV-324210 (November 23, 2020) | Kulkarni |
| Brady v. Patenaude & Felix, APC | Santa Clara County | 18-CV-338737 (August 25, 2020) | Lucas |
| Credit Consulting Services, Inc. v. Scott | San Benito County | CL-18-00541 (January 9, 2020) | Rodriguez |
| Pajarit v. Grassy Sprain Group, Inc. | San Mateo County | 18-CIV-05015 (November 18, 2019) | Weiner |
| Scribner v. Simm Assocs., Inc., et al. | Santa Clara County | 17-CV-312803 (October 7, 2019) | Kuhnle |
| Guzman v. Mandarich Law Group, LLP, et al. | Santa Clara County | 18-CV-322871 (August 16, 2019) | Walsh |
| Horner v. Crown Asset Management, LLC | Santa Clara County | 17-CV-315221 (March 8, 2019) | Kuhnle |
| Carlson v. Gatestone & Co. International, Inc., et al. | Santa Clara County | 17-CV-306698 (November 30, 2018) | Kuhnle |
| Lock v. Global Credit & Collection Corporation, et al. | Santa Clara County | 2015-1-CV-283297 (November 13, 2018) | Kuhnle |
| Corso v. M.L. Zager, P.C., et al. | Santa Clara County | 16-CV-298607 (June 29, 2018) | Kirwan |
| Atlantic Credit & Finance Special Finance Unit III, LLC v. Nevarez, et al. | Santa Cruz County | CIS-CV-182328 (June 25, 2018) | Burdick |
| Davis v. Cavalry SPV I, LLC | Santa Clara County | 2016-1-CV-301730 (April 2, 2018) | Kuhnle |
| Datta v. Asset Recovery Solutions, LLC | Northern District of California | 5:15-CV-00188-LHK (January 13, 2017) | Koh |
| Jacobson v. Persolve, LLC | Northern District of California | 5:14-CV-00735-LHK (June 7, 2016) | Koh |
| Gold v. Midland Credit Management, Inc | Northern District of California | 5:13-CV-02019-BLF (October 7, 2014) | Freeman |
| Luxford v. Resurgent Capital Services, LP | Northern District of California | 5:09-CV-02809-JF (April 22, 2011) | Fogel |

DECLARATION OF FRED W. SCHWINN      Case No. 3:22-cv-04108-JSC

| | | | |
|---|---|---|---|
| *Arroyo v. Professional Recovery Services, Inc.* | Eastern District of California | 1:09-CV-00750-LJO (November 13, 2009) | O'Neil |
| *Silva v. Patenaude & Felix, APC* | Northern District of California | 5:08-CV-03019-JW (August 31, 2009) | Ware |
| *Carrizosa v. Stassinos* | Northern District of California | 5:05-CV-02280-RMW (March 30, 2009) | Whyte |

## LITIGATION HISTORY AND SETTLEMENT NEGOTIATION

12.     On June 6, 2022, my office filed, on behalf of Plaintiff, a <u>Class Action Complaint for Statutory Damages</u> ("<u>Complaint</u>") in the Superior Court of California, County of Santa Clara, as case number 22CV398921, alleging that Defendants violated various provisions of the FDCPA and RFDCPA. Specifically, Plaintiff's <u>Complaint</u> alleged that Defendants sent voicemail and/or cellular telephone text messages to Plaintiff and the Class in an attempt to collected defaulted consumer debts, which: 1) failed to meaningfully disclose Defendants' identity and the nature of Defendants' business; 2) failed to disclose that the message was a communication from a debt collector in an attempt to collect a debt; 3) attempted to instill a false sense of urgency in the consumer; and 4) falsely represented or implied that a civil lawsuit would be filed, or had been filed, to collect a defaulted consumer debt, when no such civil lawsuit was intended to be filed or had in fact been filed.

13.     By these actions, Plaintiff alleged that Defendants necessarily made and used false, deceptive, and misleading representations in an attempt to collect defaulted consumer debts, and misrepresented the character or legal status of the alleged debts. Plaintiff further alleged that Defendants sent cellular telephone text messages to consumers, in an attempt to collect defaulted debts before 8:00 a.m. local time at the consumer's location.

14.     On July 13, 2022, DNF filed a Notice of Removal to the United States District Court for the Northern District of California. On July 19, 2022, DNF filed its Answer to Plaintiff's <u>Complaint</u>. That same day Plaintiff filed a Motion to Remand, to which DNF filed an Opposition.

1
2
3
4
5

Thereafter on August 30, 2022, the Court entered its Order denying Plaintiff's Motion to Remand. That same day, Defendant, ZACHARIAH YAHIA AGA filed a Motion to Dismiss on the basis of lack of personal jurisdiction, and Defendant, ATLANTIC RECOVERY SOLUTIONS ("ARS") filed its Answer. On September 12, 2022, AGA withdrew his Motion to Dismiss, and filed his Answer.

6
7
8

15.    On November 14, 2022, my office propounded separate written discovery upon each of the Defendants, comprising numerous Special Interrogatories, Request for Production of Documents and Electronically Stored Information, and Requests for Admission.

9
10
11

16.    On December 14, 2022, DNF served responses to each of the above-described sets of written discovery, and produced over 250 pages of documents.

12
13

17.    On January 4, 2023, ARS served responses to each of the above-described sets of written discovery, and produced approximately 300 pages of documents and a dozen audio recordings.

14
15

18.    On January 4 and 27, 2023, AGA served responses to each of the above-described sets of written discovery, and produced 58 pages of documents.

16
17
18

19.    In addition, on December 16, 2022, my office served subpoena requests on third parties Vaspian, LLC, and Zipcrunch, LLC. On January 19, 2023, Vaspian, LLC, served responses.

19
20
21
22
23
24

20.    On January 18, 2023, the Court appointed Celia McGuinness as Mediator, and ordered the parties to complete Mediation pursuant to the applicable ADR Local Rules. On April 25, 2023, the parties participated in a Mediation with Ms. McGuinness, and the parties arrived at an agreement in principle to settle the case. The parties finalized a detailed Settlement Agreement on July 18, 2023. See Exhibit "A" attached hereto.

25
26
27

21.    To avoid any potential conflict with the class, this office did not negotiate any parameters of an attorney fee award. Thus, Class Counsel will seek attorney fees and costs pursuant to the FDCPA and RFDCPA, 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.17, respectively.

28

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

22.     An application for approval of reasonable attorneys' fees and costs will be made separately, upon noticed motion, and determined at the Final Fairness Hearing, or at the Court's discretion. Said fee includes all of the work remaining to be performed in documenting the Settlement Agreement, securing Court approval of the Settlement Agreement, making sure that the settlement is fairly administered, and obtaining dismissal of the action. My office is not seeking approval of fees and costs in this motion. At this time, I estimate that my office's lodestar is approximately $117,000, and that we will request approximately $123,500 in our forthcoming fee motion.

23.     The settlement emerged as a result of my office spending time communicating with the client, researching her potential causes of action, drafting and filing the complaint, issuing and responding to written discovery and reviewing Defendant's document production, preparing and filing case management statements and agreeing upon a discovery plan, overcoming Defendants' motion to dismiss, working with Defendant's counsel on net worth and class size issues, conducting confirmatory discovery on the class list, attending Mediation and obtaining a settlement, negotiating class settlement papers, and preparing preliminary approval papers, including this declaration and the related Motion.

24.     I believe that the recovery of $51,975.00 obtained for the Class is fair and reasonable, given Defendants' net worth. See 15 USC § 1692k(a)(2). I believe that it is in the best interest of the Class to come to a compromise which would guarantee the Class an immediate recovery. Significant litigation risk is avoided by the proposed Settlement Agreement. Leaving aside the possibility of Plaintiff and the Class losing at trial outright, it is unclear whether a jury would award more in damages than the $51,975.00 obtained in this settlement, even if Plaintiff and the Class prevailed.

25.     The size of the recovery is not just comparable to, but far exceeds the relief

DECLARATION OF FRED W. SCHWINN                    Case No. 3:22-cv-04108-JSC

provided in many other class action settlements approved in fair debt collection cases.[2] Most importantly, this settlement eliminates the possibility of the Court potentially finding that Defendants' violation resulted from a "*bona fide* error." This affirmative defense, if proven at trial, would provide a complete defense to Plaintiff's claims, and result in no recovery for Plaintiff or the Class, after many more months of costly additional litigation. Moreover, all members of the Class will receive notice of this settlement, and can object within the time and in the manner provided by Court Order if any Class Member determines that his or her interests are not well served by the settlement.

26.    I have reviewed the facts and law regarding the proposed class action settlement on behalf of Plaintiff and the Class, and recommend that the settlement be approved because, in light of the risk and uncertainty of the litigation, it is a fair, adequate, and reasonable resolution of the claims of Plaintiff and the Class herein.

Executed at San Jose, California on August 24, 2023.

_____
Fred W. Schwinn (SBN 225575)

---

[2] See Motion for Preliminary Approval of Class Action Settlement and Provisional Class Certification filed herewith.

DECLARATION OF FRED W. SCHWINN                                   Case No. 3:22-cv-04108-JSC

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  Matthew C. Salmonsen (SBN 302854)
   CONSUMER LAW CENTER, INC.
3  38 West Santa Clara Street
   San Jose, California 95113-1806
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6
   Attorneys for Plaintiff
7  HARRIET GATCHALIAN

8              **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                  **SAN FRANCISCO DIVISION**

10
   HARRIET GATCHALIAN, on behalf of herself    Case No. 3:22-cv-04108-JSC
11  and all others similarly situated,
                                                **CLASS ACTION SETTLEMENT**
12                              Plaintiff,       **AGREEMENT**

13  v.

14  ATLANTIC RECOVERY SOLUTIONS, LLC,
    a New York limited liability company;
15  ZACHARIAH YAHIA AGA, individually and
    in his official capacity; DNF ASSOCIATES,
16  LLC, a Delaware limited liability company; and
    DOES 1 through 10, inclusive,
17
                                Defendants.
18

19         HARRIET GATCHALIAN ("Plaintiff") on the one hand, and ATLANTIC RECOVERY

20  SOLUTIONS, LLC; ZACHARIAH YAHIA AGA; and DNF ASSOCIATES, LLC (collectively

21  "Defendants") on the other hand, enter into this arms-length agreement after Mediation as follows:

22     1. **RECITALS**

23         1.1.   On June 6, 2022, Plaintiff filed a class action complaint against Defendants in the

24  Superior Court of California, County of Santa Clara. Thereafter, on July 13, 2022, Defendants removed

25
    the case to the United States District Court for the Northern District of California.
26

27         1.2.   Plaintiff's <u>Class Action Complaint for Statutory Damages</u> ("<u>Complaint</u>") alleges that

28  Defendants violated the California Rosenthal Fair Debt Collection Practices Act, California Civil Code

---

- 1 -

CLASS ACTION SETTLEMENT AGREEMENT              Case No. 3:22-cv-04108-JSC

§§ 1788-1788.33, and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

1.3.    Plaintiff and Defendants now intend to settle and finally resolve all claims that Plaintiff and the proposed Class Members asserted against Defendants through the class action complaint. Defendants dispute Plaintiff's and the proposed Class Members' claims and make no admission of liability. However, Plaintiff (on behalf of herself and the proposed Class Members) and Defendants consider it desirable that the action and the claims therein be settled upon the terms and conditions set forth in this Class Action Settlement Agreement, in order to avoid further expense as well as burdensome and protracted litigation.

1.4.    By resolving this matter, the parties intend to avoid the expense and inconvenience of further litigation, and to buy peace. Plaintiff and the proposed Class Members desire to settle their claims against Defendants, having taken into account, through Plaintiff and proposed Class Counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Class Action Settlement Agreement affords the proposed Class Members, Plaintiff and proposed Class Counsel consider it in the best interest of the proposed Class to enter into this Settlement Agreement, and that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the proposed Class.

1.5.    Aware of the substantial expense and delay likely associated with further litigation, mindful of the limitations on any possible class-wide recovery, and given the inherent risks of litigation, Plaintiff and proposed Class Counsel recognize that further litigation is not in the best interests of the members of the proposed Class.

1.6.    Proposed Class Counsel additionally believe, based on a significant amount of experience, that the proposed class action settlement is fair, adequate, and reasonable, and Plaintiff agrees.

CLASS ACTION SETTLEMENT AGREEMENT                    Case No. 3:22-cv-04108-JSC

1.7.    Plaintiff and Defendants, prior to entering into this Agreement, engaged in a Mediation with the Court's appointed Mediator, Celia McGuinness, which included extensive arms-length negotiations and exchanges of information. The Mediation resulted in an agreement on the principal terms of this Class Action Settlement Agreement, and it is the desire and intent of the parties by entering into this Class Action Settlement Agreement to effectuate the settlement, and to secure the Court's approval of same.

## 2. DEFINITIONS

2.1.    "Agreement" means this settlement agreement.

2.2.    "Business day" means any day on which national banks are open for the conduct of general business.

2.3.    "Class" means the class that the Court conditionally certifies for settlement purposes only, and in accordance with the terms of this Agreement, which the parties define as:

All persons with addresses in California to whom ATLANTIC RECOVERY SOLUTIONS, LLC, sent voicemail messages, and/or cellular telephone text messages, in an attempt to collected a defaulted consumer debt on behalf of DNF ASSOCIATES, LLC, which was originally owed to SALLIE MAE BANK, during the period beginning June 6, 2021, through the date of class certification

2.4.    Excluded from the Class are:

a)    Any officers, directors or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and

b)    Any Class Member who timely mails a request for exclusion.

2.5.    "Class Counsel" means Fred W. Schwinn, Raeon R. Roulston, and Matthew C. Salmonsen, of Consumer Law Center, Inc.

2.6.    "Class Member(s)" mean persons who are part of the Class and who do not fall within a

relevant exception.

2.7.   "Class Notice" means notice approved by the Court in form substantially similar to Exhibit "1" attached hereto.

2.8.   "Class Settlement Period" means the period of time from June 6, 2021, through the date of class certification.

2.9.   "Order preliminarily approving the class action settlement agreement" means the order preliminarily approving the class action settlement agreement, as entered by the Court.

2.10.   "Consummation Date" means the date on which the parties satisfy all of the obligations and duties imposed by this Agreement.

2.11.   "Court" means the United States District Court for the Northern District of California, San Francisco Division.

2.12.   "Finality Date" means the business day after which the Court enters final judgment, and the time to appeal the final judgment expires without appeal, or any appeal is finally dismissed, or the final judgment is affirmed and not subject to review by any court.

2.13.   "Fairness Hearing" means the hearing the Court conducts to consider the fairness, adequacy, and reasonableness of this Agreement.

2.14.   "Final Order and Judgment" means the final order and judgment the Court enters approving this Agreement as fair, adequate, and reasonable.

2.15.   "Initial Notice Date" means the deadline to mail the Class Notice, which must not be more than thirty-five days after the Preliminary Approval Date.

2.16.   "Preliminary Approval Date" means the date that the Court enters the Order preliminarily approving the class action settlement agreement.

2.17.   "Released Claims" means all claims alleging violation of California Civil Code §§ 1788-

1788.33, and/or 15 U.S.C. §§ 1692-1692p, or similar or related claims or causes of action under state or federal law, arising from or relating to voicemail messages, and/or cellular telephone text messages, sent by, or on behalf of, Defendants in the form described in Plaintiff's <u>Complaint</u> herein, which were sent within the Class Settlement Period.

**3. <u>CERTIFICATION AND NOTICE</u>**

3.1.   Within 30 days of full execution of this Agreement, the parties will file a joint motion to preliminarily approve the class action settlement agreement.

3.2.   The parties will also file along with that motion a proposed Class Notice, in form substantially similar to Exhibit "1" attached hereto.

3.3.   The parties will not take any action inconsistent with the joint motion to preliminarily approve the class action settlement agreement.

3.4.   Within five (5) business days after full execution of this Agreement by all parties, Defendants shall provide a complete list of the Class members to the designated settlement administrator with a copy to Plaintiff. Not later than twenty-five (25) days following the Preliminary Approval Date, the settlement administrator will mail the Class Notice to each Class Member. Prior to mailing the notice, the settlement administrator shall obtain a current address for the Class Members by running the last known address reflected in Defendants' records for each Class Member through the U.S. Postal Service National Change of Address database. The envelopes in which the settlement administrator mails the class notice to the Class Members must include a notation requesting address correction. If any notice is returned with a new address, the settlement administrator must resend the class notice to the new address. The settlement administrator is not responsible for the postal service's failure to timely deliver the class notice to a particular Class Member, and the settlement administrator will not have any obligation to resend a notice that is not returned by the postal service before the final

Fairness Hearing.

3.5.    Defendants will bear the cost of distributing the Class Notice, and related expenses (*e.g.*, those associated with work necessary to identify current contact information for the Class Members), subject to the terms and scope as set forth in paragraph 3.4, above.

3.6.    Prior to the final Fairness Hearing, Defendants, by way of the settlement administrator, will provide a sworn declaration attesting to proper service of the Class Notice.

3.7.    Prior to the final Fairness Hearing, the parties will file a joint motion to finally approve the class action settlement agreement.

## 4. CONSIDERATION

4.1.    Defendants will pay a class fund of $51,975.00 as a *pro rata* distribution to the Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) and California Civil Code § 1788.17. Specifically, Defendants agree to pay no less than $175.00 to each member of the Class.

4.2.    Defendants shall pay Plaintiff $2,000 in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.17.

4.3.    The settlement checks by which Defendants will pay a *pro rata* distribution of the class fund to each Class Member expire and become void 90 days after they are mailed.

4.4.    If any settlement checks remain uncashed after 90 days from the date on which they were mailed, the uncashed amount will be paid to the Katharine & George Alexander Community Law Center in San Jose, California, as a *cy pres* recipient.

4.5.    Defendants shall cease collecting from Plaintiff the debt originally owed to Sallie Mae Bank.

4.6.    Defendants shall pay Plaintiff $2,000 as a service award for her services to the Class, as authorized by the Court.

CLASS ACTION SETTLEMENT AGREEMENT                    Case No. 3:22-cv-04108-JSC

4.7.    Defendants shall select an appropriate class action administrator with approval from Plaintiff, which will not be unreasonably withheld, and pay for all costs associated with Class Notice and class administration; and

4.8.    Defendants shall pay attorneys' fees and costs to Class Counsel pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.17, in an amount agreed by the parties or to be decided by the Court upon noticed motion if the parties cannot agree. The application for approval of such attorneys' fees and costs will be made separately, upon noticed motion, and determined at the Final Fairness Hearing, or at the Court's discretion.

## 5. <u>OPT-OUTS</u>

5.1.    Any Class Member who wishes to exclude himself or herself from the class action settlement embodied in this Agreement must mail a written request for exclusion to Class Counsel, or the settlement administrator, postmarked no later than sixty (60) days after the preliminary approval date.

5.2.    Through his or her request, a Class Member must include the case name and case number for this action, along with his or her (a) full name, (b) address, (c) telephone number, and (d) a statement that he or she wishes to be excluded from the class action settlement.

5.3.    Any Class Member who submits a valid request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of this Agreement.

5.4.    The parties, by way of the settlement administrator, will provide a list of the names of each Class Member who submitted a timely exclusion, after the deadline for exclusions passes.

## 6. <u>OBJECTIONS</u>

6.1.    Any Class Member who wishes to object to the class action settlement set forth in this Agreement must mail a written notice of objection to the Court, postmarked no more than sixty (60)

days after the Initial Notice Date. Alternatively, any Class Member may appear at the final approval hearing and object orally without providing any written objection.

6.2.    Through his or her notice, and subject to the Court's approval, a Class Member must include the case name and case number for this action, along with his or her (a) full name, (b) address, (c) telephone number, (d) a statement of each objection, (e) a description of the facts and law underlying each objection, (f) a statement noting whether the Class Member intends to appear at the Fairness Hearing, (g) a list of all witnesses that the Class Member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony, and (h) a list of exhibits that the Class Member intends to present at the final Fairness Hearing.

6.3.    Class Members who do not submit a timely objection will be barred from seeking review of the proposed class action settlement by appeal, or otherwise.

**7. <u>RELEASE</u>**

7.1.    Upon the Court's entry of Final Order and Judgment, each Class Member, and Plaintiff, will release and forever discharge Defendants and all of Defendants' respective principals, members, subsidiaries, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, attorneys, and vendors, and insurance carriers (hereinafter collectively "the Released Parties"), from the Released Claims. This release includes "unknown claims" which encompass any and all claims alleging violation of California Civil Code §§ 1788-1788.33, and 15 U.S.C. §§ 1692-1692p, or similar or related claims or causes of action under state or federal law, arising from or relating to voicemail messages, and/or cellular telephone text messages, sent by, or on behalf of, Defendants in the form described in Plaintiff's <u>Complaint</u> herein, that Plaintiff or any Class Member does not know or even suspect to exist against any of the Released Parties, which, if known, might have affected his or her decision regarding the settlement of this matter. Plaintiff further acknowledges, and

the Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or have existed, or could have existed, through the effective date of this Agreement, based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties. Without limiting the scope of the foregoing, Plaintiff and Class Members intend this release to be broad enough to include a waiver of all their rights under section 1542 of the California Civil Code with respect to any alleged violation of California Civil Code §§ 1788-1788.33, and 15 U.S.C. §§ 1692-1692p, or similar or related claims or causes of action under state or federal law,  arising from or relating to voicemail messages, and/or cellular telephone text messages, sent by, or on behalf of, Defendants in the form described in Plaintiff's <u>Complaint</u> herein.

**8. <u>EXCLUSIVE REMEDY</u>**

    8.1.    The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

**9. <u>ATTORNEYS' FEES, COSTS, AND EXPENSES</u>**

    9.1.    Class Counsel will seek an award of attorneys' fees, costs, and expenses, as well as a service award for Plaintiff. The application for approval of such reasonable attorneys' fees, costs, and expenses will be made separately, and determined at the Fairness Hearing, or at the Court's discretion.

    9.2.    Any Class Member may choose to obtain representation by counsel of his or her choosing, but such Class Member is solely responsible for attorneys' fees, costs, and expenses incurred or accrued by such counsel.

9.3.    The Court's order regarding an award of attorneys' fees, costs, and expenses to Class Counsel will not, in any event, affect the finality of the settlement of this matter.

**10. NO ADMISSION OF LIABILITY**

10.1.   Plaintiff and Defendants agree that this Agreement does not constitute an admission by Defendants that Plaintiff's claims or allegations are true or correct.

10.2.   In the event this settlement is not approved, Defendants retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

**11. REPRESENTATIONS AND WARRANTIES**

11.1.   Class Counsel believes that the class action settlement embodied by this Agreement is in the best interests of the Class Members.

11.2.   Plaintiff warrants that:

On the date that this Agreement is executed, she owns the claims that she asserts in connection with this matter, and that she has not assigned, pledged (except to her attorneys), sold or otherwise transferred her claims (or an interest in such claims), and that on the Finality Date, she will own her claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses. Plaintiff agrees and covenants, and each Class Member will be deemed to have agreed and covenanted, not to sue any released party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

**12. APPEALS**

12.1.   If a Class Member appeals the Final Order and Judgment, the parties will not take any position inconsistent with this Agreement on appeal.

12.2.   Nothing contained in this Agreement is intended to preclude Plaintiff, Defendants, or Class Counsel, from appealing any order inconsistent with this Agreement.

/ / /

- 10 -

CLASS ACTION SETTLEMENT AGREEMENT                    Case No. 3:22-cv-04108-JSC

**13. <u>TERMINATION</u>**

13.1.   After completing a good faith negotiation, the parties will each have the right to terminate this Agreement by providing written notice to any other party within twenty (20) days any of the of following events: (a) the Court's refusal to enter an Order preliminarily approving the Class Action Settlement Agreement, (b) receipt of requests for exclusion from more than 10% (i.e., 30) of the approximately 297 Class members, or (c) the Court's refusal to approve the settlement following notice to the Class Members and the Fairness Hearing.

13.2.   If any party terminates this Agreement, Plaintiff, the Class Members, and Defendants will be returned to the position they were in prior to execution of this Agreement, with the same rights and interests as they had prior to execution of this Agreement.

**14. <u>DISTRIBUTION OF SETTLEMENT FUNDS</u>**

14.1.   Within 30 days of the Finality Date, Defendants will distribute to Plaintiff and Class Counsel funds due them pursuant to the Court's approval orders.

14.2.   Within 30 days of the Finality Date, Defendants, through the settlement administrator, will distribute funds due the Class Members.

**15. <u>MISCELLANEOUS PROVISIONS</u>**

15.1.   This Agreement is the entire agreement between Plaintiff and Defendants. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

15.2.   Neither Plaintiff nor Defendants may modify this Agreement, except by a writing, that Plaintiff and Defendants execute, and that the Court approves.

15.3.   All notices required by this Agreement, between Plaintiff, Defendants, Class Counsel,

CLASS ACTION SETTLEMENT AGREEMENT                    Case No. 3:22-cv-04108-JSC

and Defendants' counsel, must be sent by first class U.S. mail, by hand delivery, facsimile, or e-mail to:

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
38 West Santa Clara Street
San Jose, California 95113-1806
Telephone: (408) 294-6100
Facsimile: (408) 294-6190
Email: fred.schwinn@sjconsumerlaw.com

Brett B. Goodman (SBN 260899)
GOODMAN LAW FIRM, APC
11440 W. Bernardo Ct., Suite 300
San Diego, CA 92127
Telephone: (858) 757-7262
Facsimile: (858) 757-7270
E-Mail: brett@goodmanlawapc.com

Brendan H. Little (Pro Hac Vice)
LIPPES MATHIAS, LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202-2216
Telephone: (716) 218-7570
Facsimile: (716) 853-5199
Email: blittle@lippes.com

15.4.   Section headings in this Agreement are for convenience and reference only, and not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

15.5.   Plaintiff and Defendants will exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

15.6.   Plaintiff and Defendants will be deemed to have drafted this Agreement equally, and neither it, nor any related documents, will be construed strictly against Plaintiff or Defendants.

15.7.   Plaintiff and Defendants, and their counsel, may sign this Agreement in counterparts, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

*Signatures follow below:*

Dated: 7/21/2023

ID 3igt8zt2RMrGktZBoZ9DkAuM

Harriet Gatchalian
individually and on behalf of the Class

Dated: July 20, 2023

Fred W. Schwinn (SBN 225575)
Class Counsel

Dated: 7/19/2023

Atlantic Recovery Solutions, LLC
By: 7/19/2023

Zachariah Yahia Aga

Dated: July 20, 2023

Brett B. Goodman (SBN 260899)
Defendants' Counsel

Dated: 7/18/2023

DNF Associates, LLC
By: DAVID J. MACZKA - CCO

Dated: 7/18/2023

Brendan H. Little (*Pro Hac Vice*)
Defendant's Counsel - DNF Associates, LLC

---

# eSignature Details

**Signer ID:**      **3igt8zt2RMrGktZBoZ9DkAuM**
Signed by:       Harriet Gatchalian
Sent to email:    yhet88@yahoo.com
IP Address:      76.102.163.91
Signed at:       Jul 21 2023, 7:49 pm PDT

**GATCHALIAN v. ATLANTIC RECOVERY
SOLUTIONS, LLC,** *et al.*
**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case No. 3:22-cv-04108-JSC**

THIS IS TO NOTIFY YOU THAT YOU ARE A
CLASS MEMBER IN THE ABOVE CLASS ACTION
AND THAT THE PARTIES HAVE REACHED A
SETTLEMENT IN THE ABOVE CLASS ACTION.
THIS IS NOT A BILL

THIS NOTICE EXPLAINS:

A. The lawsuit
B. The settlement
C. Your rights
D. Further court proceedings
E. Additional information

A. <u>THE LAWSUIT</u>

In 2022, Harriet Gatchalian ("Plaintiff") filed a class action lawsuit against Atlantic Recovery Solutions, LLC, and various agents ("Defendants"), which is pending in the U.S. District Court for the Northern District of California, alleging violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33, and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Plaintiff alleged that Defendants sent unlawful sent voicemail messages and/or cellular telephone text messages in an attempt to collected a defaulted consumer debt. On [DATE], the Court certified a class in this case, defined as follows:

All persons with addresses in California to whom Atlantic Recovery Solutions, LLC, sent voicemail messages, and/or cellular telephone text messages, in an attempt to collected a defaulted consumer debt on behalf of DNF Associates, LLC, which was originally owed to Sallie Mae Bank, during the period beginning June 6, 2021, through the date of class certification.

Excluded from the Class are any officers, directors or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

There are approximately 297 class members.

<u>YOU HAVE BEEN IDENTIFIED AS A MEMBER OF
THIS CLASS</u>

The Court has ruled that: (1) the Class Action Settlement Agreement is preliminarily approved; (2) this case has been certified as a class action; (3) this notice is to be sent to all members of the Class; (4) the Class, through this notice, shall be advised of the right to object to the settlement; and (5) you be bound by the terms and conditions of the settlement.

B. <u>THE SETTLEMENT</u>

Plaintiff and Defendants agreed to settle this case on the terms below. Defendants deny the allegations in the Complaint, and this settlement is not an admission of liability or wrongdoing by Defendants. Plaintiff believes in the merits of her claims. However, the parties are entering this settlement to avoid the further expense and inconvenience of litigation.

**Potential Recovery**

1. Defendant will pay a class fund of $51,975 as a *pro rata* distribution to the 297 non-named Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii) and California Civil Code § 1788.17. Specifically, Defendants will pay Class Members no less than $175 each. Any money not claimed by the Class Members will be paid to Alexander Community Law Center in San Jose, California, as a *cy pres* fund.

2. Defendants will pay Plaintiff $2,000 in statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and California Civil Code § 1788.17.

3. Defendants will pay Plaintiff $2,000 as a service award for her services to the Class, as authorized by the Court

4. Defendants will pay for all costs associated with Class Notice and Class administration.

5. Defendants will pay attorneys' fees and costs to Class Counsel pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.17, as approved by the Court. The application for approval of attorneys' fees and costs will be made separately, upon noticed motion, and determined at the Final Fairness Hearing, or at the Court's discretion. Class Counsel's attorneys' fees and costs were separately negotiated from, and in addition to, payments to Plaintiff and Class Members.

**Release of Claims Against Defendants**

If the terms of this Class Settlement are approved by the Court, you release the Defendants, Atlantic Recovery Solutions, LLC, DNF Associates, LLC, Zachariah Yahia Aga, and all of their respective principals, members, subsidiaries, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, attorneys, vendors, and their insurance carriers, from "all claims alleging violation of California Civil Code §§ 1788-1788.33, and/or 15 U.S.C. §§ 1692-1692p, or similar or related claims or causes of action under state or federal law, arising from or relating to voicemail messages, and/or cellular telephone text messages, sent by, or on behalf of, Defendants in the form described in Plaintiff's Complaint herein, which were sent within the Class Settlement Period."

C. <u>YOUR RIGHTS</u>
1. <u>How to Participate as a Member of the Class</u>

If you wish to participate as a member of this Class, you do not need to do anything.

2. <u>Your Right to Intervene or File an Appearance</u>

You have the right to file an appearance or intervene (participate as a named plaintiff) in this case through your own attorney. However, it is not necessary to appear or intervene in order to receive your share of the recovery. If you do want to intervene or appear through your own attorney, you must do so no later than [60 days after the date of mailing of this notice – same as opt out date]. Otherwise, you will be represented by Class Counsel at any hearing and all further court proceedings. You will not be charged for representation by Class Counsel.

3. <u>Your Right to Object</u>

As a Class Member, you may object to any part of the settlement in writing, or at a court hearing. If in writing, you must mail a written notice of objection to the Court, postmarked no later than [60 days after the date of mailing of this notice]. Alternatively, you may appear at the final Fairness Hearing and object orally without providing any written objection. The Court's Docket has more information about the settlement approval process.

D. <u>FURTHER COURT PROCEEDINGS</u>

**A Final Fairness Hearing will be held before Judge Jacqueline Scott Corley (Courtroom 8, 19ᵗʰ Floor, 450 Golden Gate Avenue, San Francisco, CA 94102) on _____ at ____.**

Class Members may attend the Final Fairness hearing remotely via Zoom video conference. Class Members who wish to appear at the Final Fairness hearing remotely should go to the Court's website at cand.uscourts.gov/judges/corley-jacqueline-scott-jsc/. Links are provided in the Public Hearings section.

Judge Corley will decide if the proposed settlement is reasonable, adequate, and fair. If approved, the settlement will be completed and the distributions paid as stated above.

E. <u>ADDITIONAL INFORMATION</u>

If you would like more information about this notice or this litigation, you may contact Class Counsel at:

Fred W. Schwinn
Raeon R. Roulston
Matthew C. Salmonsen
Consumer Law Center, Inc.
38 West Santa Clara Street
San Jose, California 95113-1806
Telephone: 408-294-6100
Email: fred.schwinn@sjconsumerlaw.com

The papers filed in this case are available for inspection and copying in the office of the Clerk of the Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, or electronically via pacer.uscourts.gov, at your own expense.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**