Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
38 West Santa Clara Street
San Jose, California  95113-1806
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
HARRIET GATCHALIAN

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HARRIET GATCHALIAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, a New York limited liability company; ZACHARIAH YAHIA AGA, individually and in his official capacity; DNF ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-04108-JSC<br><br>**DECLARATION OF RAEON R. ROULSTON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>**[Fed. R. Civ. P. 23]**<br><br>Hearing Date:      September 28, 2023<br>Hearing Time:      10:00 a.m.<br>Hearing Judge:    Jacqueline Scott Corley<br>Hearing Courtroom: 8, 19th floor<br>Hearing Location:  450 Golden Gate Avenue<br>                              San Francisco, California |

I, Raeon R. Roulston, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am an attorney at the law firm Consumer Law Center, Inc., attorneys of record for Plaintiff and proposed Class Representative, HARRIET GATCHALIAN.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

## ADEQUACY OF COUNSEL

3. I am a member in good standing of the bars of the following courts:

Supreme Court of California
Sacramento, California
2008

U.S. Court of Appeals for the Ninth Circuit
San Francisco, California
2010

U.S. District Court for the Northern District of California
San Francisco, California
2008

U.S. District Court for the Eastern District of California
Sacramento, California
2008

U.S. District Court for the Central District of California
Los Angeles, California
2008

U.S. District Court for the Southern District of California
San Diego, California
2020

## EDUCATION AND EXPERIENCE

4. I am a 2007 graduate of Santa Clara University School of Law in Santa Clara, California, and a 2003 graduate *magna cum laude* of Morgan State University in Baltimore, Maryland. I am a member of the State Bar of California, American Bar Association, National Association of Consumer Advocates, National Association of Consumer Bankruptcy Attorneys, and Santa Clara County Trial Lawyers Association.

5. My practice is limited exclusively to the representation of consumers, with particular emphasis on representing consumer debtors under the United States Bankruptcy Code. In addition to Bankruptcy cases, I handle matters under the Fair Debt Collection Practices Act, Truth in

Lending Act, Telephone Consumers Protection Act, Uniform Commercial Code, common law fraud, misrepresentation and deceit, usury, and other laws enacted to protect consumers. My firm, Consumer Law Center, Inc., undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to fee shifting statutes such as the federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, California Rees-Levering Automobile Sales Finance Act and California Unruh Act.

6. I have given a number of lectures to consumers and professional groups on consumer law issues, including Community Legal Services in East Palo Alto, Pro Bono Project in San Jose, and the Veterans' Administration in Menlo Park, California.

7. In 2013, I was one of two recipients of the Attorney of the Year award by the Community Legal Services in East Palo Alto non-profit. I have been a member of the National Association of Consumer Advocates since 2008 and have attended at least seven (7) national conferences exclusively on consumer law issues.

8. I am my firm's primary trial counsel on collection defense matters, and I have tried most of the cases my firm has taken to trial in the past 15 years. I have assisted numerous consumers in both chapter 7 and chapter 13 bankruptcies, and been involved in many consumer cases involving a range of consumer protection laws.

9. I have been counsel of record or materially assisted on several cases that have resulted in reported decisions favorable to consumers including:

**CALIFORNIA SUPREME COURT**

- *Meza v. Portfolio Recovery Assocs., LLC* (2019) 6 Cal.5th 844 (Civ. Proc. Code § 98(a) requires affiant's personal presence at location within 150 miles of place of trial for a reasonable period within the 20 days prior to trial if personal service of trial subpoena would ordinarily be necessary to secure that affiant's attendance at trial).

## APPELLATE COURTS

- *Young v. Midland Funding LLC* (2023) 91 Cal.App.5th 63 (debt collector could be liable under Civil Code § 1788.17, pursuant to 15 U.S.C. § 1692e prohibition against false representations, for unknowingly making a false representation that service under Code of Civil Procedure § 415.20(b) had been effected on a debtor, as federal authority provided for liability in such circumstances and Civil Code § 1788.17 controlled if in conflict with Civil Code § 1788.15(a)).
- *Fleming v. Oliphant Fin.* (2023) 88 Cal.App.5th 13 (debtor's use of a credit card was not an implied agreement to arbitrate because the creditor submitted no evidence of account statements or other documents referencing an agreement).
- *Aguilar v. Mandarich Law Group, LLP* (2023) 87 Cal.App.5th 607 (Rosenthal claims derivative of the federal FDCPA's prohibition against misrepresentations in connection with debt collection incorporate a materiality standard as a corollary to the federal least sophisticated debtor standard).
- *Paredes v. Credit Consulting Services, Inc.* (2022) 82 Cal.App.5th 410 (filing of an action tolls both compulsory and permissive cross-complaints).
- *Chambers v. Crown Asset Management, LLC* (2021) 71 Cal.App.5th 583 (affirming the trial court's denial of debt buyer's motion to compel arbitration based on no predicate showing that the arbitration agreement was mailed to consumer).
- *Davis v. Mandarich Law Grp.* (9th Cir. 2020) 790 F.App'x 877 (reversing and remanding FDCPA judgment for Defendants).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2019) 762 F.App'x 431 (vacating and remanding district court's summary judgment order dismissing FDCPA class-action claims).
- *Timlick v. Nat'l Enter. Sys., Inc.* (2019) 35 Cal.App.5th 674 (debt collector cannot unilaterally "pick off" the named plaintiff and avoid class action litigation).
- *Professional Collection Consultants v. Lujan* (2018) 23 Cal.App.5th 685 (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2017) 860 F.3d 1218 (certifying question of state law to California Supreme Court).
- *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958 (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).
- *Tye v. Salomon (In re Salomon)* (9th Cir. 2016) 672 F.App'x 703 (affirming denial of motion to extend time for filing appeal).
- *Johnson v. CFS II, Inc.* (9th Cir. 2016) 628 F.App'x 505 (affirming judgment for consumer Plaintiff in FDCPA case).
- *Montgomery v. GCFS, Inc.* (2015) 237 Cal.App.4th 724 (construing Cal Fin. Code § 22340(a)).
- *Target National Bank v. Rocha* (2013) 216 Cal.App.4th Supp. 1 (holding that Code of Civil Procedure § 98 declarants must be physically present within 150 miles of the place of trial).
- *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830 (Peremptory writ of mandate was issued. Venue proper in Santa Clara County pursuant to California Code of Civil Procedure § 395(b)).
- *Resurgence Financial, LLC v. Chambers* (2009) 173 Cal.App.4th Supp. 1 (Superior Court erred in failing to apply Delaware's three year statute of limitations required by contract choice-of-law clause).

/ / /

- 4 -

DECLARATION OF RAEON R. ROULSTON            Case No. 3:22-cv-04108-JSC

**U.S. DISTRICT COURTS**
**(previous seven years only)**

- *Griego v. Tehama Law Grp., P.C.*, 2020 U.S. Dist. LEXIS 152306 (N.D. Cal. Aug. 21, 2020) (granting motion to remand Rosenthal case).
- *Credit Consulting Servs. v. Scott*, 2019 U.S. Dist. LEXIS 29660 (N.D. Cal. Feb. 25, 2019) (granting motion to remand FDCPA class action cross-complaint).
- *Izett v. Crown Asset Mgmt., LLC*, 2018 U.S. Dist. LEXIS 211459 (N.D. Cal. Dec. 14, 2018) (granting motion to strike affirmative defenses in FDCPA case).
- *Timlick v. Nat'l Enter. Sys.*, 2017 U.S. Dist. LEXIS 130921 (N.D. Cal. Aug. 16, 2017) (granting motion to remand RFDCPA class action case).
- *Carlson v. Gatestone & Co. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 93348 (N.D. Cal. June 16, 2017) (granting motion to remand RFDCPA class action case).
- *Garcia v. Stanley,* 2017 U.S. Dist. LEXIS 32550 (N.D. Cal. Mar. 7, 2017) (granting motion for attorney fees and costs in FDCPA case).
- *Jacobson v. Persolve, LLC*, 2016 U.S. Dist. LEXIS 173058 (N.D. Cal. Dec. 14, 2016) (granting motion for attorney fees and costs in class action FDCPA case).
- *Garcia v. Creditors Specialty Serv.*, 2016 U.S. Dist. LEXIS 159686 (N.D. Cal. Nov. 16, 2016) (granting summary judgment in a FDCPA case).
- *Ciganek v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 74905 (N.D. Cal. June 7, 2016) (construing Cal. Code of Civil Procedure § 98).

**U.S. BANKRUPTCY COURTS**

- *Tye v. Salomon (In re Salomon)*, 2013 Bankr. LEXIS 354 (Bankr. N.D. Cal. Jan. 29, 2013) (granting discharge after trial in non-discharageability case).

10. I have been approved and appointed as adequate class counsel in several consumer class action cases including:

| Case Name | Court | Case No. / Date | Judge |
|---|---|---|---|
| *Miller v. Weltman, Weinberg & Reis Co., LPA* | Alameda County | 22CV010534 (June 20, 2023) | Grillo |
| *Student Loan Solutions, LLC v. Musa* | Los Angeles County | 20NWLC00063 (June 15, 2023) | Palazuelos |
| *Velocity Investments, LLC v. Sipin* | Santa Clara County | 20CV370503 (May 23, 2023) | Zayner |
| *Kashanian v. National Enterprise Systems, Inc.* | Lake County | CV416920 (May 4, 2023) | Lunas |
| *Chambers v. Crown Asset Mgmt, LLC* | Santa Clara County | 18CV338800 (December 27, 2022) | Lucas |
| *Velocity Investments, LLC v. Canul* | Santa Clara County | 16CV300096 (August 31, 2022) | Lucas |

| | | | |
|---|---|---|---|
| *Velocity Investments, LLC v. Pascual* | Santa Clara County | 18CV338986 (August 31, 2022) | Lucas |
| *Leedeman v. Midland Credit Management, Inc.* | Santa Clara County | 19CV354554 (August 22, 2022) | Kulkarni |
| *Chai v. Velocity Investments, LLC, et al.* | Santa Clara County | 20CV373916 (February 24, 2022) | Lucas |
| *Leedeman v. Sunrise Credit Services, Inc.* | Santa Clara County | 19CV342137 (June 9, 2021) | Lucas |
| *Timlick v. NCB Management Services, Inc.* | Lake County | CIV-416919 (February 2, 2021) | Lunas |
| *Chambers v. Merchants & Medical Credit Corporation, Inc.* | Santa Clara County | 18-CV-324210 (November 23, 2020) | Kulkarni |
| *Brady v. Patenaude & Felix, APC* | Santa Clara County | 18-CV-338737 (August 25, 2020) | Lucas |
| *Credit Consulting Services, Inc. v. Scott* | San Benito County | CL-18-00541 (January 9, 2020) | Rodriguez |
| *Pajarit v. Grassy Sprain Group, Inc.* | San Mateo County | 18-CIV-05015 (November 18, 2019) | Weiner |
| *Scribner v. Simm Assocs., Inc., et al.* | Santa Clara County | 17-CV-312803 (October 7, 2019) | Kuhnle |
| *Guzman v. Mandarich Law Group, LLP, et al.* | Santa Clara County | 18-CV-322871 (August 16, 2019) | Walsh |
| *Horner v. Crown Asset Management, LLC* | Santa Clara County | 17-CV-315221 (March 8, 2019) | Kuhnle |
| *Carlson v. Gatestone & Co. International, Inc., et al.* | Santa Clara County | 17-CV-306698 (November 30, 2018) | Kuhnle |
| *Lock v. Global Credit & Collection Corporation, et al.* | Santa Clara County | 2015-1-CV-283297 (November 13, 2018) | Kuhnle |
| *Pajarit v. Velocity Investments, LLC* | San Mateo County | 17-CIV-03046 (October 19, 2018) | Weiner |
| *Newsom v. Cavalry SPV I, LLC* | Santa Clara County | 16-CV-299973 (October 12, 2018) | Kuhnle |
| *Corso v. M.L. Zager, P.C., et al.* | Santa Clara County | 16-CV-298607 (June 29, 2018) | Kirwan |
| *Atlantic Credit & Finance Special Finance Unit III, LLC v. Nevarez, et al.* | Santa Cruz County | CIS-CV-182328 (June 25, 2018) | Burdick |
| *Davis v. Cavalry SPV I, LLC* | Santa Clara County | 2016-1-CV-301730 (April 2, 2018) | Kuhnle |

- 6 -

DECLARATION OF RAEON R. ROULSTON          Case No. 3:22-cv-04108-JSC

| | | | |
|---|---|---|---|
| *Datta v. Asset Recovery Solutions, LLC* | Northern District of California | 5:15-CV-00188-LHK (January 13, 2017) | Koh |
| *Jacobson v. Persolve, LLC* | Northern District of California | 5:14-CV-00735-LHK (June 7, 2016) | Koh |
| *Gold v. Midland Credit Management, Inc* | Northern District of California | 5:13-CV-02019-BLF (October 7, 2014) | Freeman |

11. I have reviewed the facts and law regarding the proposed class action settlement on behalf of Plaintiff and the Class, and recommend that the settlement be approved because, in light of the risk and uncertainty of the litigation, it is a fair, adequate, and reasonable resolution of the claims of Plaintiff and the Class herein.

Executed at San Jose, California on August 24, 2023.

_____
Raeon R. Roulston (SBN 255622)