Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
38 West Santa Clara Street
San Jose, California 95113-1806
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
HARRIET GATCHALIAN

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| HARRIET GATCHALIAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, a New York limited liability company; ZACHARIAH YAHIA AGA, individually and in his official capacity; DNF ASSOCIATES, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-04108-JSC<br><br>**DECLARATION OF MATTHEW C. SALMONSEN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>[Fed. R. Civ. P. 23]<br><br>Hearing Date: September 28, 2023<br>Hearing Time: 10:00 a.m.<br>Hearing Judge: Jacqueline Scott Corley<br>Hearing Courtroom: 8, 19th floor<br>Hearing Location: 450 Golden Gate Avenue<br>San Francisco, California |

I, Matthew C. Salmonsen, declare under penalty of perjury, under the laws of the State of California, that the following statements are true:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and am an associate attorney of the law firm Consumer Law Center, Inc., attorneys of record for Plaintiff proposed Class Representative, HARRIET GATCHALIAN.

2. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

**ADEQUACY OF COUNSEL**

3. I am a member in good standing of the bars of the following courts:

Supreme Court of California
Sacramento, California
2015

U.S. District Court for the Northern District of California
San Francisco, California
2015

U.S. District Court for the Eastern District of California
Sacramento, California
2015

4. I am a 2009 graduate of Santa Clara University School of Law in Santa Clara, California, and a 2003 graduate of Marymount Manhattan College in New York, New York.

5. My practice is limited exclusively to the representation of consumers. I handle matters under the federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, California Fair Debt Buying Practices Act, California Rees-Levering Automobile Sales Finance Act, and other laws enacted to protect consumers. My firm, Consumer Law Center, Inc., undertakes representation in many consumer cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to fee shifting statutes such as the federal Fair Debt Collection Practices Act, California Rosenthal Fair Debt Collection Practices Act, California Fair Debt Buying Practices Act, California Rees-Levering Automobile Sales Finance Act and California Unruh Act.

6. I am one of my firm's trial counsel on collection defense matters, and I have tried most of the debt collection cases my firm has taken to a court trial in the past 7 years.

7. I have been counsel of record or materially assisted on several cases that have resulted in reported decisions favorable to consumers including:

### CALIFORNIA SUPREME COURT

- *Meza v. Portfolio Recovery Assocs., LLC* (2019) 6 Cal.5th 844 (Civ. Proc. Code § 98(a) requires affiant's personal presence at location within 150 miles of place of trial for a reasonable period within the 20 days prior to trial if personal service of trial subpoena would ordinarily be necessary to secure that affiant's attendance at trial).

### APPELLATE COURTS

- *Young v. Midland Funding LLC* (2023) 91 Cal.App.5th 63 (debt collector could be liable under Civil Code § 1788.17, pursuant to 15 U.S.C. § 1692e prohibition against false representations, for unknowingly making a false representation that service under Code of Civil Procedure § 415.20(b) had been effected on a debtor, as federal authority provided for liability in such circumstances and Civil Code § 1788.17 controlled if in conflict with Civil Code § 1788.15(a)).
- *Fleming v. Oliphant Fin.* (2023) 88 Cal.App.5th 13 (affirming denial of motion to compel arbitration due to the absence of evidence of agreement to arbitrate between consumer and original creditor).
- *Paredes v. Credit Consulting Services, Inc.* (2022) 82 Cal.App.5th 410 (affirming denial of Cross-Defendant's anti-SLAPP motion).
- *Chambers v. Crown Asset Management, LLC* (2021) 71 Cal.App.5th 583 (denial of creditor's motion to compel arbitration of an unfair debt collection claim was not error because the trial court reasonably found that a supporting affidavit did not establish admissibility under the business records exception to hearsay rule).
- *Davis v. Mandarich Law Grp.* (9th Cir. 2020) 790 F.App'x 877 (reversing and remanding FDCPA judgment for Defendants).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2019) 762 F.App'x 431 (vacating and remanding district court's summary judgment order dismissing FDCPA class-action claims).
- *Timlick v. Nat'l Enter. Sys., Inc.* (2019) 35 Cal.App.5th 674 (debt collector cannot unilaterally "pick off" the named plaintiff and avoid class action litigation).
- *Professional Collection Consultants v. Lujan* (2018) 23 Cal.App.5th 685 (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).
- *Meza v. Portfolio Recovery Assocs., LLC* (9th Cir. 2017) 860 F.3d 1218 (certifying question of state law to California Supreme Court).
- *Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958 (Delaware 3-year statute of limitations applies in California debt buyer's collection cases).

### U.S. DISTRICT COURTS

- *Griego v. Tehama Law Grp., P.C.*, 2020 U.S. Dist. LEXIS 152306 (N.D. Cal. Aug. 21, 2020) (granting motion to remand Rosenthal case).
- *Credit Consulting Servs. v. Scott*, 2019 U.S. Dist. LEXIS 29660 (N.D. Cal. Feb. 25, 2019) (granting motion to remand FDCPA class action cross-complaint).
- *Izett v. Crown Asset Mgmt., LLC*, 2018 U.S. Dist. LEXIS 211459 (N.D. Cal. Dec. 14, 2018) (granting motion to strike affirmative defenses in FDCPA case).
- *Timlick v. Nat'l Enter. Sys.*, 2017 U.S. Dist. LEXIS 130921 (N.D. Cal. Aug. 16, 2017) (granting motion to remand RFDCPA class action case).

- *Carlson v.Gatestone & Co. Int'l, Inc.*, 2017 U.S. Dist. LEXIS 93348 (N.D. Cal. June 16, 2017) (granting motion to remand RFDCPA class action case).
- *Garcia v. Stanley,* 2017 U.S. Dist. LEXIS 32550 (N.D. Cal. Mar. 7, 2017) (granting motion for attorney fees and costs in FDCPA case).
- *Garcia v. Creditors Specialty Serv.*, 2016 U.S. Dist. LEXIS 159686 (N.D. Cal. Nov. 16, 2016) (granting summary judgment in a FDCPA case).
- *Ciganek v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 74905 (N.D. Cal. June 7, 2016) (construing Cal. Code of Civil Procedure § 98).
- *Datta v. Asset Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 36446 (N.D. Cal. Mar. 18, 2016) (granting class certification under Rule 23(b)(3) in a FDCPA class action case).
- *DeLeon v. Elite Self Storage Mgmt., LLC*, 2016 U.S. Dist. LEXIS 29744 (E.D. Cal. Mar. 7, 2016) (granting motion to strike affirmative defenses in part in B&P 17200 case).

8. Additionally, I have been approved and appointed as adequate class counsel in the following consumer class action cases:

| Case Name | Court | Case No. / Date | Judge |
| --- | --- | --- | --- |
| *Miller v. Weltman, Weinberg & Reis Co., LPA* | Alameda County | 22CV010534 (June 20, 2023) | Grillo |
| *Student Loan Solutions, LLC v. Musa* | Los Angeles County | 20NWLC00063 (June 15, 2023) | Palazuelos |
| *Velocity Investments, LLC v. Sipin* | Santa Clara County | 20CV370503 (May 23, 2023) | Zayner |
| *Kashanian v. National Enterprise Systems, Inc.* | Lake County | CV416920 (May 4, 2023) | Lunas |
| *Chambers v. Crown Asset Mgmt, LLC* | Santa Clara County | 18CV338800 December 27, 2022 | Lucas |
| *Velocity Investments, LLC v. Canul* | Santa Clara County | 16CV300096 (August 31, 2022) | Lucas |
| *Velocity Investments, LLC v. Pascual* | Santa Clara County | 18CV338986 (August 31, 2022) | Lucas |
| *Leedeman v. Midland Credit Management, Inc.* | Santa Clara County | 19CV354554 (August 22, 2022) | Kulkarni |
| *Chai v. Velocity Investments, LLC, et al.* | Santa Clara County | 20CV373916 (February 24, 2022) | Lucas |
| *Leedeman v. Sunrise Credit Services, Inc.* | Santa Clara County | 19CV342137 (June 9, 2021) | Lucas |
| *Timlick v. NCB Management Services, Inc.* | Lake County | CIV-416919 (February 2, 2021) | Lunas |

| Case | County | Case Number (Date) | Judge |
|---|---|---|---|
| *Chambers v. Merchants & Medical Credit Corporation, Inc.* | Santa Clara County | 18-CV-324210 (November 23, 2020) | Kulkarni |
| *Brady v. Patenaude & Felix, APC* | Santa Clara County | 18-CV-338737 (August 25, 2020) | Lucas |
| *Credit Consulting Services, Inc. v. Scott* | San Benito County | CL-18-00541 (January 9, 2020) | Rodriguez |
| *Pajarit v. Grassy Sprain Group, Inc.* | San Mateo County | 18-CIV-05015 (November 18, 2019) | Weiner |
| *Scribner v. Simm Assocs., Inc., et al.* | Santa Clara County | 17-CV-312803 (October 7, 2019) | Kuhnle |
| *Guzman v. Mandarich Law Group, LLP, et al.* | Santa Clara County | 18-CV-322871 (August 16, 2019) | Walsh |
| *Horner v. Crown Asset Management, LLC* | Santa Clara County | 17-CV-315221 (March 8, 2019) | Kuhnle |
| *Carlson v. Gatestone & Co. International, Inc., et al.* | Santa Clara County | 17-CV-306698 (November 30, 2018) | Kuhnle |
| *Lock v. Global Credit & Collection Corporation, et al.* | Santa Clara County | 2015-1-CV-283297 (November 13, 2018) | Kuhnle |
| *Newsom v. Cavalry SPV I, LLC* | Santa Clara County | 16-CV-299973 (October 12, 2018) | Kuhnle |
| *Corso v. M.L. Zager, P.C., et al.* | Santa Clara County | 16-CV-298607 (June 29, 2018) | Kirwan |
| *Atlantic Credit & Finance Special Finance Unit III, LLC v. Nevarez, et al.* | Santa Cruz County | CIS-CV-182328 (June 25, 2018) | Burdick |
| *Davis v. Cavalry SPV I, LLC* | Santa Clara County | 2016-1-CV-301730 (April 2, 2018) | Kuhnle |

9. I have reviewed the facts and law regarding the proposed class action settlement on behalf of Plaintiff and the Class, and recommend that the settlement be approved because, in light of the risk and uncertainty of the litigation, it is a fair, adequate, and reasonable resolution of the claims of Plaintiff and the Class herein.

Executed this 24th day of August, 2023, at San Jose, California.

Matthew C. Salmonsen (SBN 302854)