UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET GATCHALIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04108-JSC<br><br>**ORDER RE PARTIES' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>Re: Dkt. No. 48 |

Plaintiff brings this putative consumer class action against Defendants for abusive, deceptive, and unfair debt collection practices. (Dkt. No. 1-1.)[1] Pursuant to Federal Rule of Civil Procedure 23, the parties now move for provisional certification of a class exclusively for settlement purposes, preliminary approval of a proposed class action settlement, and a stay pending final approval. (Dkt. No. 48.) Having considered Plaintiff's motion, the Court has concerns regarding the Notice and requires more information about the amount of the settlement.

The Northern District of California has issued procedural guidance for class action settlements. *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/. Plaintiff's motion does not satisfy the guidance in a few material respects.

*First*, the guidance requires Plaintiff to identify "the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims."

> [T]o compare the value of the settlement against the expected recovery at trial, the Court must estimate the "maximum amount of damages recoverable in a successful litigation" and compare that with

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

> the settlement amount. The maximum amount of damages if Plaintiffs are successful at trial is not discounted by the litigation risk. It is a number which serves as a comparative base, reflecting the full verdict value if the Plaintiff class were successful at trial.

*Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *11 (N.D. Cal. Apr. 29, 2011) (cleaned up). The parties fail to provide any information on the maximum potential damages. Plaintiff's counsel claims "the recovery of $51,975.00 obtained for the Class is fair and reasonable, given Defendants' net worth." (Dkt. No. 48-2 ¶ 24); 15 U.S.C. § 1692k(a)(2). While federal law limits recovery to 1% of Defendants' net worth, there is nothing in the record, under seal or otherwise, regarding Defendants' net worth. *Compare with del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 596 (N.D. Cal. 2008) (certifying class action against debt collector "represent[ing] its net worth to be $180,517. If this is indeed the case, the entire class of Plaintiffs would share $1805 between them as a measure of statutory damages under the FDCPA." (cleaned up)); *Abels*, 227 F.R.D. at 546–47 ("Here, the Defendants admit that Defendant JBC's net worth is $250,000. . . .[I]f liability is established and statutory damages are due to the class members, the Court would necessarily award less than $2,500. Distributed pro-rata to a class of 10,000 people, these damages would be $.25 per person.").

***Second***, the proposed Notice is insufficient. It lacks the address for a website, to be maintained by the claims administrator, listing key deadlines and providing links to important case documents such as the Notice, preliminary approval order, motions for preliminary and final approval, and attorneys' fees. *See* https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/. The Notice lacks a clear statement communicating the date and time of the final approval hearing may change without further notice to the class or a note advising class members to check the settlement website or the Court's PACER site to confirm the date has not been changed. Further, the Notice lacks instructions on how class members may opt out of the settlement and does not instruct class members who wish to opt out of the settlement via written request as to the information required for identification and opt out. While it correctly tells class members who object they must do so in writing to the Court, it fails to specify the address to which objecting class members should mail their objection.

The Notice also fails to advise the class they can object to the request for attorneys' fees

and costs, as well as the service award, when the motion for fees will be filed, how they can access the motion, and how they can object. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) (holding class members must "have an adequate opportunity to oppose class counsel's fee motion").

***Third***, the parties have not addressed whether Class Action Fairness Act notice is required, and, if so, when it will be given.

## CONCLUSION

For the above reasons, the Court requires a revised Notice and a supplemental declaration explaining the amount recovered in relation to the maximum possible recovery, and why the settlement amount is fair. Class counsel's belief it is fair is insufficient to support preliminary approval. Plaintiff is encouraged to review the Northern District procedural guidance, was well as other approved class action notices. *See, e.g.*, *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2022 WL 2817588 (N.D. Cal. July 19, 2022) (approved notices at Docket No. 415.); *Dixon v. Cushman & Wakefield W., Inc.*, No. 18-CV-05813-JSC, 2021 WL 3861465 (N.D. Cal. Aug. 30, 2021) (approved notices at Docket No. 129.) Once the supplemental materials are filed, the Court will advise the parties if a hearing is required.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge