UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIET GATCHALIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, et al.,<br><br>    Defendants. | Case No.  3:22-cv-04108-JSC<br><br>**ORDER TO SHOW CAUSE RE: CLASS NOTICE**<br><br>Re: Dkt. Nos. 58, 59 |

      Plaintiff brought this consumer class action against Defendants for abusive, deceptive, and unfair debt collection practices.  The Court previously granted the parties' motion for preliminary approval of a class action settlement.  (Dkt. No. 57.)  Plaintiff's motion for final approval and motion for attorney's fees and costs are now pending before the Court.  (Dkt. Nos. 58, 59.)  Having reviewed the motions and the supporting papers, the Court orders Plaintiff to show cause as to why she should not be required to redo the notice provided to the class given the issues described below.

      Under Federal Rule of Civil Procedure 23(h)(1), "[n]otice of the motion [for attorney's fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."  Notice of the motion for attorney's fees is required in both common fund and statutory fee cases.  *See* Fed. R. Civ. P. 23 advisory committee's note (2003) ("Because members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, notice is required in all instances."); *see also* 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:22 (6th ed. Nov. 2023 update) ("whether or not class members are paying counsel's fee directly, fee notice plays an

important role in class members' capacity to evaluate the fairness of the settlement itself."); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members.").

On preliminary approval, the Court expressed concerns regarding the class notice. (Dkt. No. 51.) In response to the Court's concerns, the parties submitted a revised notice which, among other things, (1) included a placeholder website link where class members could find key deadlines and case documents, (2) advised class members they could object to Plaintiff's motion for attorney's fees, and (3) advised class members when the motion for attorney's fees and the motion for final approval would be filed and how to access a copy of it. (Dkt. No. 54-1.) The Court found these notice procedures, among others, appeared sufficient to ensure adequate notice under Rule 23(e), (h). (Dkt. No. 57 at 17.)

On final approval, Plaintiff attached a copy of the Notice distributed to class members which includes a link this website: www.gatchaliansettlement.com, where, according to the Notice, class members can view "the Notice, preliminary approval order, motions for preliminary and final approval, and attorneys' fees." (Dkt. No. 58-2 at 6.) The Court has reviewed the website and it does not include this information. Below is a screenshot of the "Important Court Documents" tab:



www.gatchaliansettlement.com (last visited March 6, 2024). Neither the motion for final approval nor the motion for attorney's fees and costs are available on the website. It thus does not appear

class members were provided notice of Plaintiff's motion for attorney's fees as required.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to why she should not be required to redo the notice provided to the class to comply with Rule 23(h)(1). Plaintiff shall file a written response to this Order by March 21, 2024.

In light of this Order, the Court VACATES the March 14, 2024 hearing on the motion for final approval and motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: March 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge